STATE OF INDIANA *v.* FRED KOLB.

[No. 1-174A14. Filed November 4, 1974.]

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellant.

*Gary L. Gerling, Ralph E. Moore, Gerling and Moore,* of Evansville, for appellee.

LYBROOK, J.—State of Indiana appeals from the granting of petitioner-appellee Kolb's petition for post-conviction relief.

Kolb's conviction of possession of marijuana was affirmed by our Supreme Court in *Kolb* v. *State* (1972), 258 Ind. 469, 282 N.E.2d 541. Said conviction was predicated mainly upon the testimony of State's witness Betty Johnson. Kolb filed a petition for post-conviction relief pursuant to Ind. Rules of Procedure, Post-Conviction Remedy Rule 1, attacking *inter alia,* the mental competency of Johnson. After an evidentiary hearing on the petition, the trial judge ruled that Johnson was mentally incompetent to testify at Kolb's trial. Kolb was granted a new trial, and the State initiated this appeal.

The following issues are presented for review:

(1) Whether Kolb complied with the guidelines for obtaining a new trial on the grounds of newly discovered evidence?

(2) Whether Kolb waived the issue of Johnson's competency by failing to raise it prior to the post-conviction proceedings?

(3) Whether the granting of a new trial is supported by sufficient evidence?

ISSUE 1.

Initially, the State maintains that Kolb did not properly present the issue of Johnson's mental competency in that his

petition does not satisfy the requirements of *Emerson* v. *State* (1972), 259 Ind. 399, 287 N.E.2d 867. In *Emerson,* our Supreme Court declared that:

> "An application for a new trial, made on the ground of newly discovered evidence, must be supported by affidavit and such affidavit or affidavits must contain a statement of the facts showing (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result. *Cansler* v. *State* (1972), [258] Ind. [450], 281 N.E.2d 881; *Tungate* v. *State* (1958), 238 Ind. 48, 147 N.E.2d 232." 287 N.E.2d at p. 872.

The State maintains that Kolb did not meet these guidelines in that he failed to file an affidavit demonstrating that the testimony presented was not merely cumulative, and that the evidence was not available at trial. The State therefore submits that it was error to grant Kolb a new trial.

Although it appears that Kolb did not file an affidavit in support of his post-conviction petition which satisfies the *Emerson* requirements, the record clearly reveals that the State did not object to this failure, or claim that this was fatal until it filed its Motion to Correct Errors and accompanying memorandum. P.C. 1, § 4(a) requires the State to include in its response to a post-conviction petition, "the reasons, if any, why the relief prayed for should not be granted." In its response to Kolb's petition the State did not designate Kolb's failure to file an adequate affidavit with his petition as a reason why the petition should be denied, but rather chose to address the merits of the petition. At the evidentiary hearing the State did not object to or call the court's attention to Kolb's failure to file an affidavit as allegedly required by *Emerson.* Thus it is evident that the State waived its right to attack the procedural suffi-

ciency of Kolb's petition and chose to proceed to a determination on the merits. Accordingly, the State must now be precluded from raising this issue.

## ISSUE 2.

Secondly, the State maintains that the issue of Johnson's mental competency was available to Kolb at the time of his trial and appeal and that his failure to present the question prior to the post-conviction proceedings constitutes waiver. In response, Kolb argues that the State has failed to preserve this issue for appeal since it failed to assign waiver as the grounds for its objection at the hearing.

A review of the record of the post-conviction proceedings substantiates Kolb's claim of waiver of this issue by the State. The State did not at any time during the proceedings assert that Kolb had waived the issue of Johnson's competency by failing to present it at trial or on appeal. Rather, the State chose to meet Kolb's petition on the merits. When presented with a similar situation, the unanimous court in *Langley; Richardson* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538, stated:

"Pointing out the waiver defense available to the state demonstrates the essential nature of the post-conviction remedy under Rule P.C. 1, for as presently constructed, it involves in most if not all cases a collateral attack upon some aspect of a petitioner's conviction or confinement. For relief to be granted where the element of waiver has been introduced at the post conviction hearing, there must be some substantial basis or circumstance presented to the trial court which would satisfactorily mitigate a petitioner's failure to have pursued or perfected a remedy through the normal procedural routes. *Where, however, the state, as it did in this case, chooses to meet a petitioner's allegations on their merits at the hearing, we must do likewise on appeal.*" (Emphasis added). 256 Ind. at 207.

In justifying the above statement, the *Langley* court observed in a footnote:

."It should be noted that the state *on appeal* has asserted petitioners' waiver of the right to challenge the admission of testimony relating to his identification since no objection was made at trial. However, it would seem that the state is precluded from asserting waiver on appeal where they made no mention concerning it at the hearing on the same basis that an appellant is normally denied the right to raise an issue for the first time on appeal."

Applying the *Langley* rationale to the present situation, we are inescapably compelled to the conclusion that the State has waived the issue of Kolb's waiver.

## ISSUE 3.

Finally, the State argues that there was not sufficient evidence to support a finding that Johnson was mentally incompetent to testify. The State emphasizes that the only expert testimony at the hearing was that of Doctor Lindauer who stated that in his opinion Johnson was mentally competent to testify about facts surrounding Kolb's alleged unlawful conduct. Relying on this testimony, the State argues that the evidence is overwhelmingly in favor of Johnson's competency.

However, contrary to State's position, expert testimony is not conclusive upon the issue of mental competency:

"Expert testimony is not conclusive upon the issue of a criminal defendant's sanity. The adoption of such a view would constitute a usurpation of the role of the judge or jury as the trier of fact. The function of the expert witness is advisory in nature. He does not state *fact*. Rather, he renders an *opinion* to aid the trier of fact with whom the ultimate decision on the issue must rest. Smith v. State (1972), [259] Ind. [187], 285 N.E.2d 275; Hill v. State (1969), 252 Ind. 601, 251 N.E.2d 429." *Fitch* v. *State* (1974), 160 Ind. App. 697, 313 N.E.2d 548.

In determining whether there was sufficient evidence to support a finding that Johnson was not mentally competent to testify at Kolb's trial, this court neither weighs the evidence nor resolves questions of credibility of witnesses. Rather, we view the evidence most favor-

able to the trial court's finding together with all reasonable inferences to be drawn therefrom to determine whether there is substantial evidence of probative value supporting the finding.

The evidence most favorable to appellee reveals that there is a history of mental illness in Johnson's family. It also reveals that Johnson was subject to recurring memory lapses that caused her to be unable to accurately recall or relate time, places and things. She was particularly subject to such memory lapses after having consumed beer. On September 17, 1970, the day of Kolb's alleged unlawful conduct, Johnson consumed a substantial quantity of beer.

Johnson had a history of hospitalizations for treatment of various problems including schizoid reactions and drug over-doses. She freely admitted that she had regularly administered to herself a drug commonly referred to as "speed". At the time of Kolb's trial, November 19, 1970, Johnson was an out-patient of a psychiatric hospital in Evansville. On that day, she was on medication, nervous, upset, depressed, and had difficulty associating time, places and events concerning Kolb's alleged unlawful activity. She testified that the events of that day were hazy and that she could only recall going out drinking and Kolb handing her some marijuana.

Johnson's ex-husband testified that she frequently experienced spells of memory lapses wherein she could not relate or differentiate between time, places, and things going on around her and that she was subject to these spells prior to November, 1970. He also testified that she did not know what she was doing or who she was at all times.

In our opinion, the above constitutes sufficient evidence of probative value to support a finding that Johnson was mentally incompetent to testify at Kolb's trial.

Appellant having failed to demonstrate reversible error, the judgment is affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 318 N.E.2d 382.