CHARLES E. ROBERTS *v.* STATE OF INDIANA.

[No. 1073S202. Filed March 11, 1975. Rehearing denied May 27, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *William B. Bryan,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

ARTERBURN, J.—On March 4, 1954, a jury convicted Appellant of First Degree Murder. On August 2, 1971, Appellant filed a petition for post-conviction relief. On June 6, 1973, the Wells Circuit Court denied the petition and on August 29, 1973, a Motion to Correct Errors was overruled. This appeal followed pursuant to Ind. R. P. C. 1, § 7 and Ind. R. Ap. P. 4(A)(7).

The single issue presented for our consideration is the claim that Appellant was denied due process of law by reason of the ineffectiveness of his trial attorney. At the post-conviction hearing the Appellant testified, as summarized in his brief, that:

"(a) his attorney saw him only once before trial; (b) his attorney would not discuss the case with him; (c) his attorney was concerned with nothing more than keeping the defendant out of the electric chair despite the defendant's protestations that he was innocent; (d) his attorney did not let the defendant take the witness stand although giving no reason other than assurance that everything would be alright; (e) his attorney did not call the defendant's alibi witnesses because it wouldn't 'look good'; and (f) his attorney did not present to the court at trial the fact that the defendant did not sign the "confession" entered into evidence."

By the time of the post-conviction hearing the trial attorney had died. However, the state presented the testimony of the attorney who had assisted the principal trial attorney in the preparation and conduct of Appellant's defense. This attorney's testimony contradicted several of Appellant's allegations and demonstrated that an adequate defense was made on behalf of Appellant. Certain of Appellant's allegations are merely critiques of trial tactics and strategy which are not proper elements of an allegation of ineffectiveness of counsel. *Greer* v. *State,* (1975) 262 Ind. 622, 321 N.E.2d 842; *Blackburn* v. *State,* (1973) 260 Ind. 5, 291 N.E.2d 686; *Robbins* v. *State,* (1971) 257 Ind. 273, 274 N.E.2d 255. The state also cross-examined Appellant in regard to his credibility. After hearing all of the evidence, the trial court denied the post-conviction petition.

In a post-conviction proceeding, the burden is on the appellant to establish his grounds for relief. Ind. R. P. C. 1, § 5. A decision of a trial court against the party bearing the burden of proof will not be set aside on appeal unless the evidence is without conflict and leads unerringly to a result

not reached by the trial court. *Johnson* v. *State,* (1974) 262 Ind. 183, 313 N.E.2d 542; *State* v. *Smithers,* (1971) 256 Ind. 512, 269 N.E.2d 874; *Pokraka* v. *Lummus Co.,* (1951) 230 Ind. 523, 104 N.E.2d 669.

Therefore, the judgment of the trial court is affirmed.

All Justices concur.

NOTE.—Reported at 324 N.E.2d 265.