Lee Otis **BROWN**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 1181S322.

Supreme Court of Indiana.

Jan. 4, 1983.

John Muller, James G. Holland, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Lee Otis Brown appeals from the denial of his petition for post-conviction relief in which he sought to withdraw his plea of guilty to the offense of attempted voluntary manslaughter. After originally entering a plea of not guilty to a charge of attempted murder, a class A felony, Ind. Code §§ 35–41–5–1 and 35–42–1–1 (Burns 1979 Repl.), defendant requested that he be allowed to withdraw that plea and enter a plea of guilty to attempted voluntary manslaughter, Ind.Code §§ 35–41–5–1 and 35–42–1–3 (Burns 1979 Repl.), pursuant to a plea agreement. The prosecutor agreed to recommend an executed twenty-year term of imprisonment. Defendant's plea of guilty was accepted after he was questioned and advised of his rights.

One month later, after obtaining new counsel, but prior to sentencing, defendant moved to withdraw his guilty plea. A hearing was held on this motion, and it was denied. Then defendant, over his objection, was sentenced to twenty years imprisonment. He filed this petition for post-conviction relief several months later, and it

too was denied after a hearing. Defendant now appeals this denial claiming that his plea of guilty was not entered knowingly, intelligently and voluntarily, and that the trial court erred in denying his motions to withdraw that guilty plea.

Defendant first contends that his plea was not knowingly, intelligently and voluntarily entered because he was not aware of the nature of the charge against him as he was not advised of the elements of attempted voluntary manslaughter. Before accepting a guilty plea, Ind.Code § 35–4.1–1–3(a) (Burns 1979 Repl.) (recodified in Ind.Code § 35–35–1–2, effective September 1, 1982) requires that a trial court address the defendant and "(a) [determine] that he understands the nature of the charge against him." Defendant asserts that he was not aware that an intent to kill was an element of the crime, and since he did not intend to kill the victim, the plea was not voluntary.

■ Defendant mistakenly assumes, however, that an intent to kill is a necessary element of the crime of attempted voluntary manslaughter. The amended information filed on the attempted murder charge alleged that defendant "knowingly" attempted to kill the victim. Indiana Code § 35–42–1–3 (Burns 1979 Repl.) provides that:

"(a) A person who *knowingly* or intentionally kills another human being while acting under sudden heat commits voluntary manslaughter. (Emphasis added.)

Indiana Code § 35–41–2–2 (Burns 1979 Repl.) states that:

"(b) A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so."

Thus defendant need not have intended to kill the victim in terms of having a "conscious objective" to do so. See, *Owens v. State,* (1980) Ind., 400 N.E.2d 1124; Ind. Code § 35–41–2–2(a) (Burns 1979 Repl.).

■ Defendant's awareness of what he was doing is supported by the facts of this crime as recited by the prosecutor which disclose that defendant fired a shotgun at the victim as he ran away, striking him in the side. Defendant testified that he did shoot the victim and knew that the victim had been hit. There was no need to advise the defendant that he must have intended to kill the victim as that element is not necessary to prove attempted voluntary manslaughter as charged. Defendant's own admission that he understood the nature of the charge against him and the factual basis for his plea of guilty show that the trial court properly complied with Ind. Code § 35–4.1–1–3(a) (Burns 1979 Repl.).

Defendant also claims that his plea of guilty was not knowingly, intelligently and voluntarily entered because he was not informed of the minimum possible sentence which could be imposed if he proceeded to trial on the attempted murder charge and was convicted. Although defendant's attorney stated at the guilty plea hearing that he had informed the defendant of such possible sentence, and defendant himself admitted at the hearing on his motion to withdraw his guilty plea that the judge, as well as his attorney, had advised him of that sentence before accepting his plea, he now asserts that the record is silent as to such advice. The record of the guilty plea hearing clearly discloses, however, and defendant does not dispute, that he was advised of the minimum and maximum possible sentences for the crime to which he was pleading guilty—attempted voluntary manslaughter.

While Ind.Code § 35–4.1–1–3(d) (Burns 1979 Repl.) (recodified in Ind.Code § 35–35–1–2, effective September 1, 1982) requires that the defendant be informed of the possible penalties for the "offense charged," it does so solely in the context of receiving a guilty plea. *Likens v. State,* (1978) Ind.App., 378 N.E.2d 24. In *Likens,* the Court of Appeals stated:

"Clearly the understanding and therefore voluntary nature of a plea is questionable when the accused is unaware of the penalty he *may* receive if the plea is *accepted....* The reason such understanding is necessary is that the sentence is the consequence of the plea. The same

cannot be said regarding advice which concerns charges which are to be dismissed if the plea is accepted. . . . Thus, it does not follow that the court *must* advise the defendant of potential sentences for offenses to which he will not be subjected if his plea is accepted." (Original emphasis) *Id.,* 378 N.E.2d at 30.

Defendant is entitled to be informed of the actual penal consequences of his plea of guilty, not the hypothetical result of a trial on a charge which the State has agreed not to prosecute in return for the plea. Here, defendant's expectations were not thwarted, and he was properly informed of the range of penalties for attempted voluntary manslaughter. The requirement of the statute was satisfied.

Defendant also contends that his plea was involuntary because of the incompetency of the counsel who represented him prior to and during his guilty plea hearing. When incompetency of counsel is alleged, there is a presumption that an attorney has discharged his duty fully, and strong and convincing proof is necessary to overcome this presumption. *Lenoir v. State,* (1977) 267 Ind. 212, 368 N.E.2d 1356; *Blackburn v. State,* (1973) 260 Ind. 5, 291 N.E.2d 686. The presumption is overcome only by showing that the attorney's action, or inaction, made the proceedings a mockery and shocking to the conscience of the court. *Lenoir, supra.* At the hearing, defendant stated that he was satisfied with his attorney's representation except for the fact that he thought he was "going to end up with too much time." Defendant's subjective and unsupported belief that his counsel was unprepared for trial is not sufficient to constitute clear and convincing evidence of incompetency.

Defendant alleges as error the trial court's denial of his motion to withdraw his guilty plea. Ind.Code § 35–4.1–1–6(b) (Burns 1979 Repl.) (recodified in Ind.Code § 35–35–1–1, effective September 1, 1982) provides that the court may allow the withdrawal of a guilty plea after entry of that plea but before imposition of sentence.

That section states that the ruling on such a motion "shall be reviewable on appeal only for an abuse of discretion." Defendant has made no showing that the trial court abused its discretion in denying his motion after a hearing on its merits.

In a post-conviction hearing, the burden is on the petitioner to establish his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1, § 5. On appeal from an adverse judgment, petitioner must satisfy this Court that "the evidence as a whole was such that it leads unerringly and unmistakably to a decision in his favor; that is, one opposite to that reached by the trial court." *Sotelo v. State,* (1980) Ind., 408 N.E.2d 1215, 1215–16. Defendant has not satisfied this burden and has not demonstrated that his plea of guilty to the charge of attempted voluntary manslaughter was not knowingly, intelligently and voluntarily entered.

The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.