Robert Earl LOTTIE, Appellant,

v.

STATE of Indiana, Appellee.

No. 782S278.

Supreme Court of Indiana.

Feb. 4, 1983.

Douglas D. Seely, Jr., Mishawaka, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of rape, a Class B felony. He was sentenced to a twenty (20) year term of imprisonment. This Court unanimously affirmed his conviction in *Lottie v. State,* (1980) Ind., 406 N.E.2d 632. Appellant now appeals the denial of his petition for post-conviction relief.

Appellant claims the trial court erred in denying his written motion for default for the State's failure to file a timely answer to his amended petition for relief. On July 9, 1981, appellant filed a petition to amend or file a substitute motion. A hearing on the petition was held July 17, 1981. The trial court granted appellant leave to file the amended or substitute pleading and gave the State thirty (30) days to file its answer. On the same date, another minute entry was entered on the court's docket reading:

"Hearing is had on the defendant's petition to amend and/or substitute pleading, and now defendant is allowed and directed to file his PC–1 Motion. The State shall be given 30 days from July 17, 1981, to file it Answer thereto."

On August 17, 1981, appellant filed his motion for default. The State filed its answer on August 18, 1981. Appellant argues the date the State's answer was filed was after the time for the State's response had expired.

Post Conviction Rule 1, § 4(a) reads:
"Section 4. Pleadings.

(a) Within thirty [30] days after the filing of the petition, or within any further reasonable time the court may fix, the State, by the prosecuting attorney shall respond by answer stating the reasons, if any why the relief prayed for should not be granted. The court may make appropriate orders for amendment of the petition or answer, for filing further pleadings or motions, or for extending the time of the filing of any pleading."

The trial judge stated in his findings his rationale for denying appellant's motion for default:
"Quite obviously the State could not have been required to file its answer within thirty days of July 17, 1981 if the defendant's amended petition was filed on the 30th day following July 17, 1981. As it happened, defendant-petitioner did not file his P.C.–1 until July 31, 1981. The State filed its answer to the defendant's petition August 18, 1981 a week within such 30-day proscription and on the same day defendant petitioner filed his motion to default."

In *Torrence v. State,* (1975) 263 Ind. 202, 328 N.E.2d 214, the appellant alleged the trial court erred in overruling his motion to strike the State's answer. He argued the answer was untimely filed. At the bottom of appellant's petition filed December 8, 1972, the judge made an entry concluding "State ruled to plead thereto on or about 12–18–72." On December 22, 1972, the State filed its answer. Relying on P.C. Rule 1, § 4, we held the State must have the full thirty-day period to reply. In the case at bar the trial court clearly set forth his reasons for denying appellant's motion. The trial court did not err.

Appellant claims the trial court's denial of his motion for new trial based on newly discovered evidence was erroneous. The newly discovered evidence set forth in State's exhibit 1, was the affidavit of Gwen Dotson, executed on January 19, 1981. Dotson swore that she had found her boyfriend in bed with a woman sometime in January 1978. A fight ensued between the women. Dotson stated in her affidavit she

did not know the date of the incident or the identity of the woman. At the evidentiary hearing, Dotson testified she was present on January 21, or 22, 1978, at approximately 3:00 or 3:30 a.m., where the alleged rape took place. She testified the woman's first name was Marlene. On cross-examination, Dotson stated she learned the victim's name in a bar sometime in 1978. She testified she had never told anyone the events of January 1978 until she had received a letter from appellant asking her to be a witness in his behalf. She returned a letter to appellant stating she did not know the date of the incident or the name of the victim. Appellant's petition, based on the newly discovered evidence, alleged Dotson knew the date and identity of the victim contrary to her executed affidavit.

In denying appellant's post-conviction relief petition the trial court concluded there was no evidence of material fact leading to a reasonable doubt as to the defendant's guilt in the original prosecution. The court further found the allegations in the petition were unsupported by Dotson's testimony or affidavit.

■ In determining whether newly discovered evidence would produce a different result, the trial court may consider the weight a reasonable trier of fact would assign to the evidence. The judge may also evaluate its probable effect on a new trial in light of all the facts and circumstances adduced at the original trial. *Smith v. State*, (1982) Ind., 429 N.E.2d 956. The ruling on the request for a new trial based on newly discovered evidence is within the discretion of the trial court. We will not disturb the court's ruling absent a showing of abuse of discretion. *Smith, supra.*

■ The trial court in detailed findings concluded Dotson's testimony to be tenuous, conjectural and "in no way could support the PC–1 or a new trial." In light of the facts presented at trial, the trial court was within its discretion in determining the so-called newly discovered evidence was un-

likely to produce a different result on retrial.

The trial court is in all things affirmed.

All Justices concur.