Willie MURPHY, Appellant (Petitioner below),

v.

STATE of Indiana, Appellee (Respondent below).

No. 883S310.

Supreme Court of Indiana.

May 1, 1985.

Susan K. Carpenter, Public Defender of Ind., Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Willie Murphy, is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He pled guilty to rape and criminal deviate conduct on March 22, 1982, under a plea agreement in which he was sentenced to a term of imprisonment of twenty years. On September 16, 1982, petitioner filed his *pro se* petition for post-conviction relief alleging that the plea was not voluntarily entered because the state used the possibility of a habitual offender charge as a threat to force him to enter the guilty plea. He also alleged that there had been an improper lineup, insufficient evidence to prove that he was guilty, and ineffective assistance of counsel before the guilty plea was entered.

On October 25, 1982, the court appointed local pauper counsel for petitioner, in lieu

of contacting the state public defender's office. A hearing on the petition for post-conviction relief was held on December 28, 1982, and the petition was subsequently denied. A deputy public defender was then appointed to continue the appeal. He filed a motion to correct errors alleging that the trial court erred by appointing counsel other than the state public defender to represent petitioner in the post-conviction proceedings and that petitioner was denied his right to effective assistance of counsel during the post-conviction proceedings.

At the outset it is recognized that petitioner had the burden of proving his grounds for relief by a preponderance of the evidence at the post-conviction relief proceeding. Ind.R.P.C. 1 § 5; *Turman v. State*, (1979) 271 Ind. 332, 392 N.E.2d 483. In our review of the denial of a petition for post-conviction relief, this Court does not weigh the evidence or judge the credibility of witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Henson v. State*, (1979) 271 Ind. 325, 392 N.E.2d 478.

█ Our Post-Conviction Rules clearly provide that the State Public Defender shall serve as counsel for a petitioner in all post-conviction proceedings in which the petitioner is indigent and is not proceeding *pro se*. Ind.Code § 33–1–7–2 (Burns 1985 Repl.); Ind.P.C.R. 1 § 9(a); *Majors v. State*, (1982) Ind., 441 N.E.2d 1375; *Ferrier v. State*, (1979) 270 Ind. 279, 385 N.E.2d 422. The trial court therefore erred in appointing local pauper counsel rather than notifying the public defender's office. However, we find the trial court's action would only constitute reversible error if petitioner could demonstrate that he was denied the effective assistance of counsel.

█ The standard of review pertaining to ineffective assistance of counsel claims is well settled in Indiana. There is a strong presumption that counsel is competent. Incompetency of counsel revolves around the particular facts of each case; the requirement is one of reasonably effec-

tive assistance under prevailing professional norms as set forth by the United States Supreme Court in *Strickland v. Washington*, (1984) —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Elliott v. State*, (1984) Ind., 465 N.E.2d 707; *Lawrence v. State*, (1984) Ind., 464 N.E.2d 1291. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffective counsel. *Hollon v. State*, (1980) 272 Ind. 439, 398 N.E.2d 1273. A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, —— U.S. at ——, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

█ Defendant contends that there are several examples of the ineffectiveness of his post-conviction counsel. First he alleges that ineffectiveness is shown because the counsel failed to call trial counsel as a witness at the post-conviction hearing. We considered a similar claim in *McCann v. State*, (1983) Ind., 446 N.E.2d 1293, where we stated:

"As a general proposition the decision whether or not to call a particular witness is left up to the lawyer in mapping his course of action, and absent a clear showing of injury and prejudice the court would not feel confident in declaring counsel ineffective for failure to call a witness. *Johnson v. State*, (1968) 251 Ind. 17, 238 N.E.2d 651; *Robertson v. State*, (1974) 262 Ind. 562, 319 N.E.2d 833."

446 N.E.2d at 1299.

The record here shows that trial counsel entered his appearance for petitioner three months prior to the guilty plea hearing. He filed numerous pretrial motions, including a lengthy objection to the state's petition to produce hair samples, and motions to suppress and to take depositions of the state's witnesses. The record shows a very adequate preparation for a possible trial by

counsel. The record further shows that the trial court carefully followed all the statutory procedures at the guilty plea hearing when petitioner knowingly entered his plea of guilty to rape and criminal deviate conduct.

Petitioner does not allege that his trial counsel did not see him or talk to him but only that the counsel didn't really explain the effect of the plea agreement to him in words he could understand. The post-conviction court found no merit to this argument since the petitioner prepared his own *pro se* petition in his own handwriting and therefore obviously understands the English language. In short, we find nothing in the record or in petitioner's arguments to indicate that calling petitioner's trial counsel as a witness would have been beneficial to petitioner's case at the post-conviction hearing. The trial counsel apparently was well prepared and could not have supported petitioner's claim that he did not understand the consequences of entering the guilty plea. Under the circumstances of this case, the post-conviction counsel's decision not to call the trial counsel as a witness does not demonstrate incompetence or ineffectiveness.

■ Petitioner next contends that his post-conviction counsel was ineffective because he failed to present several issues to the post-conviction court and therefore waived these issues. One of these issues concerned the allegedly improper lineup procedure. After the guilty plea hearing, the petitioner learned that the victim had seen him at the police station prior to identifying him in a photographic lineup. Apparently petitioner learned this information from "a guy in jail there at Anderson." The post-conviction counsel did attempt to present this issue to the post-conviction court through petitioner's testimony, but the court sustained the state's hearsay objection. We find no ineffectiveness of counsel on the presentation of this issue as it involved newly discovered evidence which clearly did not meet one of the most basic requirements for the introduction of that type of evidence, a finding that the evidence would probably produce a different result at a new trial. *See Clark v. State,* (1978) 269 Ind. 90, 378 N.E.2d 850.

■ Next, petitioner claims that his post-conviction counsel was ineffective because he failed to question the factual basis of the plea. However, the record shows that the post-conviction court did consider the transcript of the guilty plea hearing to see that the state had established an adequate factual basis before ruling on petitioner's post-conviction petition. Contrary to petitioner's assertions, the state did establish the circumstances which would support both the rape and the criminal deviate conduct charge. Counsel's determination not to raise this issue was a matter of strategy which we will not second guess. We find nothing on this issue which would establish ineffective representation.

■ Similarly, the remaining issues that allegedly show ineffective assistance according to petitioner all deal with matters of strategy. Petitioner contends that his counsel did not represent him with zeal and did not present any other witnesses on his behalf. However, he has not shown what witnesses could have been called on his behalf other than his trial counsel which we have discussed above.

Furthermore, it appears from the record that counsel adopted an understated approach in order to best present defendant's claim of not understanding the guilty plea proceedings in the face of a very adequate guilty plea record. We will not question counsel's strategy choices as to methods of presentation and choices of defense where petitioner has not shown any omission caused by negligence or lack of concern. *Smith v. State,* (1984) Ind., 465 N.E.2d 1105; *Cochran v. State,* (1983) Ind., 445 N.E.2d 974.

■ There is no merit to petitioner's claim that the guilty plea was not voluntary because the state "threatened" him with the possibility of a habitual offender charge. Both this Court and the United States Supreme Court have consistently recognized that the possibility of filing a

habitual offender charge, when supported by probable cause, is a legitimate bargaining tool by which the state may induce guilty pleas. *Brown v. State,* (1983) Ind., 453 N.E.2d 254; *Holmes v. State,* (1980) 272 Ind. 435, 398 N.E.2d 1279.

■ Finally, petitioner points out that his counsel filed a belated objection to the untimely filing of the state's answer to the petition for post-conviction relief. The record shows that the state's answer was filed more than seventy days after the petition was filed rather than within the thirty days required by our rules. Ind.R.P.C.R. 1 § 4(a). However, the answer was filed approximately a month before the post-conviction relief hearing was held. Post-conviction counsel moved to strike the state's untimely response at the start of the post-conviction hearing, but this motion was denied after the state explained to the court that there had been a delay in their receipt of the petition. There was no error here since the rule expressly provides the trial court with discretion to extend the time for filing any pleading. Here, it is clear that there was no surprise to petitioner due to late filing of the state's answer and the state adequately explained the reason for the delay to the court. *Lottie v. State,* (1983) Ind., 444 N.E.2d 306; *Likens v. State,* (1978) 177 Ind.App. 101, 378 N.E.2d 24. There was no showing of ineffective assistance of counsel on this issue.

In conclusion, we find that petitioner has not shown how any of the post-conviction counsel's tactical choices or judgments on certain issues harmed his cause or denied him effective assistance of counsel. Therefore, there was no reversible error in the post-conviction court's appointment of local pauper counsel to represent petitioner.

For all of the foregoing reasons, there was no reversible error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.