**Mark DAY, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 40A01-9006-PC-257.**

Court of Appeals of Indiana,
First District.

Feb. 28, 1991.

Publication Ordered Aug. 15, 1991.

Susan K. Carpenter, Public Defender, Addie D. Hailstorks, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Ian A.T. McLean, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Mark Day appeals the denial of his petition for post-conviction relief from his 1976 conviction for Assault and Battery with Intent to Commit a Felony. The post-conviction court found against Day on the merits of his petition and also found that Day's claim was barred by laches. We affirm.

## FACTS

Day pled guilty in 1976 to the charge of Assault and Battery with Intent to Commit a Felony. The 1976 conviction was used to support the finding that Day was an habitual offender in the enhancement stage of a 1985 prosecution for another felony.

All records of the 1976 guilty plea hearing were lost. The attorney who had represented Day at the guilty plea hearing died before the hearing on Day's present post-conviction relief petition.

Additional facts are supplied as necessary.

## DECISION

■ We note at the outset that the State has done an excellent job in defending the present petition at the trial court level and on appeal. We could affirm the trial court on its finding that the State carried its burden in establishing its affirmative de-

fense of laches. In the interest of judicial economy, we will address the merits of Day's petition.

■ Initially, we note that in a post-conviction relief proceeding, the defendant has the burden of proving his grounds of relief by a preponderance of the evidence. *Murphy v. State* (1985), Ind., 477 N.E.2d 266. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230. When reviewing the denial of post-conviction relief, we will reverse only when the evidence is without conflict and leads solely to a result different from that reached by the trial court. *Daniels v. State* (1988), Ind., 531 N.E.2d 1173.

Day asserts his guilty plea was not entered knowingly, intelligently, and voluntarily because the trial court failed to advise him of his right to a jury trial, his right of confrontation, and his right against self-incrimination in derogation of *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. At the post-conviction hearing, he testified as follows:

Q: Do you recall what you were advised of it or whether you were advised at that proceeding?

A: Not at the present time.

Q. Do you recall any specific advisements given to you at that proceeding by Judge Carson.

A: Naw not at this time. If I can explain, in 1980 or either '81 when I first started working on this case I wrote some notes and it was ... I was under the impression at that time that I hadn't been advised of my rights and I think I conveyed that impression to the state (Inaudible) defender's office .. but other .. other than those notes I don't have no uh independent recollection of whether I was advised or not at the time of the hearing.

Norman Phillips, the prosecuting attorney who handled Day's guilty plea, testified at the post-conviction hearing. He stated that he took a copy of the statute containing the advisement requirements with him to Day's guilty plea hearing. He

did so to ensure that Day was advised of his rights, including his *Boykin* rights. He took this precaution because he was aware that the judge who presided over the guilty plea hearing occasionally omitted advisements when taking guilty pleas. Phillips testified as follows:

> As the hearing proceeded I would hold the copy and in this case I held the copy in this particular case I held the copy and as the Judge made the advisements required under the statutes at that time I would check them off.... I recall that at the completion of the hearing I was satisfied that it had been done according to Statute.

Phillips had testified earlier at the PCR hearing as follows:

> Q: Okay. And ... and again but you have no specific recall as to whether those advisements were given at this hearing is that correct sir: I'm talking specific independent recall at this point of that hearing on May 10th.
>
> A: I remember they were given maam but I do not remember the interchange which ... which took place.
>
> Q: So you do not remember the specific advisements that were given?
>
> A: I'm sorry?
>
> Q: You do not remember the specific advisements given:
>
> A: No maam I cannot tell you ...
>
> Q: Thank you ... thank you.
>
> A: ... what the Judge's words were.

This and other portions of Phillips' testimony show that although he could not render a word for word account of the hearing, he clearly remembered—and repeatedly testified to the effect—that Day had received his *Boykin* advisements.

██ The loss of a record or transcript of a guilty plea hearing does not require a vacation of the plea, per se. *Zimmerman v. State* (1982), Ind., 436 N.E.2d 1087. A lost record is not the equivalent of a silent record. *Id.*

██ In the present case, the post-conviction court found—based on prosecutor Phillips' testimony—that Day had been advised of his *Boykin* rights by the trial judge who presided over the guilty plea hearing.

Moreover, an examination of Day's testimony may be searched in vain for any assertion that he had not been advised of his *Boykin* rights by the guilty plea court. Nor does Day's testimony indicate that he did not have an independent knowledge of his rights when he pled guilty.

As stated above, Day must carry the burden of proving his grounds for relief by a preponderance of the evidence at the post-conviction relief hearing. We hold the evidence is not without conflict and does not lead unerringly to the conclusion that Day's 1976 guilty plea was not entered into knowingly, intelligently, and voluntarily. We hold the evidence supports the post-conviction court's finding that the guilty plea court advised Day of his *Boykin* rights. Therefore, we find no error.

Judgment affirmed.

BAKER and MILLER, JJ., concur.