**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 25 2012, 8:22 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*:

**SEAN SHUMAKER**
Indiana State Prison
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| SEAN SHUMAKER, ) | |
| ) | |
| Appellant-Petitioner, ) | |
| ) | |
| vs. ) | No. 43A03-1203-CR-133 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Respondent. ) | |

APPEAL FROM THE KOSCIUSKO SUPERIOR COURT
The Honorable Duane G. Huffer, Judge
Cause No. 43D01-0712-FB-400

**July 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Petitioner Sean Shumaker appeals following the post-conviction court's denial of his petition for post-conviction relief ("PCR"). Shumaker raises numerous issues, which we restate as whether the trial court abused its discretion (1) in denying Shumaker's motion for default judgment and allowing the State to file a belated answer to his PCR petition; and (2) in summarily denying his PCR petition without providing him with a hearing. We affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On December 7, 2007, the State charged Shumaker with three counts of burglary and two counts of theft. In June of 2008, Shumaker pled guilty to three counts of Class B felony burglary. In exchange for Shumaker's plea, it appears that the State agreed to a fixed term of imprisonment and that the remaining theft charges be dismissed. The trial court accepted Shumaker's plea and imposed consecutive six-year sentences on each count, with the final six years suspended to probation.

On December 20, 2011, Shumaker filed a PCR petition. In his petition, Shumaker alleged that his guilty plea in the underlying matter was unknowing and involuntary. Shumaker also claimed that his trial counsel provided ineffective assistance. Specifically, Shumaker argued that his trial counsel provided ineffective assistance because counsel (1) failed to move to suppress his confession to police following his arrest where he allegedly was not read his *Miranda*[1] rights prior to questioning; and (2) failed to request a competency evaluation despite the fact that counsel knew that he had been prescribed a new psychotropic

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

medication and had been diagnosed as bi-polar.

Shumaker filed a motion for default judgment on February 14, 2012, arguing that he was entitled to default judgment because the State failed to respond to his PCR petition within thirty days as prescribed by Indiana Post-Conviction Rule 1(4)(a). On February 21, 2012, the State requested permission to file a belated answer to Shumaker's PCR petition. That same day, the post-conviction court granted the State's request and the State filed its belated answer. On February 22, 2012, the post-conviction court summarily denied Shumaker's PCR petition. Shumaker filed a motion to correct error on March 2, 2012, which was denied by the post-conviction court that same day. This appeal follows.

## DISCUSSION AND DECISION

Shumaker contends that the post-conviction court abused its discretion in denying his motion for default judgment and allowing the State to file a belated answer to his PCR petition, and in summarily denying his PCR petition without providing him with a hearing. The State, for its part, argues that the post-conviction court acted within its discretion in denying Shumaker's motion for default judgment and allowing it to file a belated answer to Shumaker's PCR petition, but concedes that the court erred in disposing of Shumaker's claims on PCR in a summary fashion.

### I. Whether the Post-Conviction Court Abused its Discretion in Denying Shumaker's Motion for Default Judgment and Permitting the State to File a Belated Answer to Shumaker's PCR Petition

Shumaker claims that the post-conviction court abused its discretion in denying his motion for default judgment and permitting the State to file a belated answer to his PCR

petition. Granting a default judgment is within the discretion of the post-conviction court and is reviewable only for abuse of that discretion. *Kindred v. State*, 514 N.E.2d 314, 316 (Ind. Ct. App. 1987) (citing *Likens v. State*, 177 Ind. App. 101, 103, 378 N.E.2d 24, 26 (1978)), *trans. denied*. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Southern v. State*, 878 N.E.2d 315, 323 (Ind. Ct. App. 2007), *trans. denied*. Thus, we will reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Delphi Corp. v. Orlik*, 831 N.E.2d 265, 267 (Ind. Ct. App. 2005).

> Indiana Post-Conviction Rule 1(4)(a) provides, in relevant part, as follows:
>
> Within thirty (30) days after the filing of the petition, or within any further reasonable time the court may fix, the [S]tate … shall respond by answer stating the reasons, if any, why the relief prayed for should not be granted. The court may make appropriate orders for amendment of the petition or answer, for filing further pleadings or motions, *or for extending the time of the filing of any pleading*.

(Emphasis added). By its clear language, this rule grants the post-conviction court the discretion to extend the time of the filing of any pleading.

In *Likens*, it was discovered during the course of the post-conviction hearing that the State had failed to file an answer to the petitioner's PCR petition. 177 Ind. App. at 103, 378 N.E.2d at 26. Thereupon, the State requested permission to file an answer in denial, either orally or in writing. *Id.*, 378 N.E.2d at 26. The petitioner, on the other hand, moved for default and for summary disposition. *Id.*, 378 N.E.2d at 26. The post-conviction court

permitted the State to orally deny the petition, precluded it from asserting any new matters, and denied the petitioner's motions. *Id.*, 378 N.E.2d at 26. On appeal, this court affirmed, concluding that the petitioner had failed to demonstrate an abuse of discretion because the petitioner did not show prejudice or assert any surprise from the State's position or the evidence produced. *Id.*, 378 N.E.2d at 26.

Likewise, in *Murphy v. State*, 477 N.E.2d 266, 270 (Ind. 1985), the Indiana Supreme Court held that the post-conviction court acted within its discretion in allowing the State to file a belated answer to a petitioner's PCR petition. In *Murphy*, the record indicated that the State's answer was filed more than seventy days after the petition, but was filed approximately a month before the hearing on the petitioner's PCR petition. 477 N.E.2d at 270. The petitioner's post-conviction counsel unsuccessfully moved to strike the State's untimely response at the beginning of the post-conviction hearing. *Id.* Upon review, the Indiana Supreme Court determined that the post-conviction court acted within its discretion because the post-conviction rules expressly provide the court with the discretion to extend the time for filing any pleading. *Id.* Moreover, it was clear from the record that there was no surprise to the petitioner due to late filing of the State's answer, and the State adequately explained the reason for the delay to the court. *Id.*

Here, Shumaker filed his PCR petition on December 20, 2011, and his motion for default judgment on February 14, 2012. On February 21, 2012, the State requested permission to file a belated answer to Shumaker's PCR petition. In requesting permission to file a belated answer to Shumaker's PCR petition, the State argued that Shumaker would not

be prejudiced by the State's belated filing as nothing within the answer whould be a surprise to Shumaker. The post-conviction court permitted the State to file its belated answer to Shumaker's PCR petition and denied Shumaker's motion for default judgment.

In its belated answer, the State did not assert any affirmative defenses or new claims that would require a response from Shumaker, but rather denied the material allegations levied in Shumaker's PCR petition. Shumaker has failed to demonstrate on appeal how he was prejudiced, if at all, by the post-conviction court's decision to allow the State to file its belated answer approximately one month after the original thirty-day time period prescribed by Post-Conviction Rule 1(4)(a) had passed. While the State did not provide any explanation for why its answer was not timely filed, a valid explanation for the delay is not a prerequisite to allowing a late filing. *See Likens*, 177 Ind. App. at 103-04, 378 N.E.2d at 26 (finding no abuse of discretion even though the only explanation for the delay was that the State did not realize that it had not filed an answer until the day of the post-conviction hearing). Upon review of the circumstances presented in the instant matter and in light of *Likens* and *Murphy*, we cannot say that the trial court abused its discretion in allowing the State to file a belated answer to Shumaker's PCR petition or in denying Shumaker's motion for default judgment.

### II. Whether the Post-Conviction Court Abused its Discretion in Summarily Denying Shumaker's PCR Petition

Shumaker also claims that the post-conviction court abused its discretion in summarily denying his PCR petition.

A petition for post-conviction relief may be summarily denied if the pleadings

6

> and the record conclusively demonstrate that there is no genuine issue of material fact and the petitioner is not entitled to relief. *Howard v. State*, 576 N.E.2d 1253, 1254 (Ind. 1991) (citing P-C. R. 1(4)(g)). "An evidentiary hearing is not necessary when the pleadings show only issues of law; [t]he need for a hearing is not avoided, however, when a determination of the issues hinges, in whole or in part, upon facts not resolved." *Godby v. State*, 809 N.E.2d 480, 482 (Ind. Ct. App. 2004). Thus, a hearing is still needed even if the petitioner's chance of establishing his claim is remote. *Gann v. State*, 550 N.E.2d 803, 804 (Ind. Ct. App. 1990).

*Kuhn v. State*, 901 N.E.2d 10, 13 (Ind. Ct. App. 2009).

It is well-established that claims of ineffective assistance of counsel generally raise issues of material fact and render summary disposition improper. *See id.*; *Truitt v. State*, 853 N.E.2d 504, 507-08 (Ind. Ct. App. 2006); *Evolga v. State*, 722 N.E.2d 370, 373 (Ind. Ct. App. 2000). Here, the State acknowledges that summary disposition was improper and that the trial court abused its discretion in summarily denying Shumaker's PCR petition because Shumaker raised specific allegations of ineffective assistance of counsel and the State raised only a general denial of those claims, thus creating issues of material fact. Shumaker was entitled to an opportunity to present evidence to support his claims. As such, we reverse the summary denial of Shumaker's PCR petition and remand to the trial court for further proceedings consistent with this opinion.

The judgment of the post-conviction court is affirmed in part, reversed in part, and remanded with instructions.

VAIDIK, J., and CRONE, J., concur.

7