Allen Lee **MUFF**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 02A03–9406–CR–236.

Court of Appeals of Indiana, Third District.

March 15, 1995.

Rehearing Denied July 14, 1995.

---

Gregory L. Fumarolo, Fort Wayne, for appellant.

Pamela Carter, Atty. Gen. of Indiana and Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

STATON, Judge.

Allen Lee Muff ("Muff") appeals the trial court's modification of his three year sentence following his conviction for two counts of battery, one, a class D felony[1] and the other, a class A misdemeanor[2]. In his appeal, Muff raises one restated issue for our review: whether the trial court erred in its assignment of his credit time for days served in jail.

We reverse and remand.

The facts relevant to this appeal are that Muff was arrested for forgery on July 15, 1993 (hereinafter referred to as "Count I") and was released one day later after posting bond. Muff was then arrested for two counts of battery on August 24, 1993 (hereinafter "Count II"). Muff's bond was revoked for Count I on September 8, 1993 as a result of his arrest for Count II.

Muff was sentenced on November 18, 1993 for Count I in which he received a four year suspended sentence with eighty-nine days credit for time served in jail. Muff was sentenced on February 24, 1994 for Count II in which he received a three year sentence with two years suspended and 184 days credit for time served in jail.

The State filed a petition to modify jail time credit on February 25, 1994. Following a hearing, the trial court determined that: (1) the sentences for Count I and Count II were to run consecutively; (2) Muff was entitled to credit time of seventy-four days for Count I; (3) Muff was entitled to credit time of 115 days for Count II; and (4) the credit time for September 8, 1993 through November 18, 1993 was applied to Count I only. Muff now appeals the modification of his sentence.

---

1. Ind.Code 35–42–2–1(a)(1) (1993).

2. I.C. 35–42–2–1(a)(2).

■ Pre-trial credit is permitted pursuant to I.C. 35–50–6–3. Determination of a defendant's pretrial credit is dependent upon (1) pretrial confinement, and (2) the pretrial confinement being a result of the criminal charge for which a sentence is being imposed. *Willoughby v. State* (1993), Ind.App., 626 N.E.2d 601, 602.

■ Where a defendant is confined during the same period of time for multiple offenses for which he is convicted and sentenced to consecutive terms, credit is applied against the aggregate sentence. *Willoughby, supra,* at 601. However, in instances where one court is imposing a sentence which may run consecutive to a sentence imposed on an unrelated charge, credit is to be applied for confinement for the specific charge for which the defendant is being sentenced.[3] *Willoughby, supra,* at 602.

Muff contests the allocation of his credit time between Count I and Count II. Muff argues that he should receive credit time of 184 days for Count II because he was in custody for Count II continuously from August 24, 1994 until February 24, 1994 with the bond revocation having no effect on this confinement.

The issue before us is whether Muff is entitled to full credit for days served for each offense or whether the total days served should be allocated between Count I and Count II. While this court has never addressed these specific facts, several cases offer useful guidance.

In *Dolan v. State* (1981), Ind.App., 420 N.E.2d 1364, this court set forth guidelines for determining a defendant's presentence credit time when a defendant is confined for multiple offenses at the same time. The court instructed:

> Where a defendant is confined during the same time for a period of multiple offenses

and the offenses are tried separately, the defendant is entitled to a "full credit" for each offense for which he is sentenced. Each "full credit" is determined by the number of days the defendant spent in confinement for the offense for which the defendant is sentenced up to the date of sentencing for that offense.... The credit will be the number of days the defendant spent in confinement from the date of arrest for the offense to the date of sentencing for that same offense.

*Dolan, supra,* at 1373.

In *Dolan,* the defendant was arrested for a probation violation. At the time of his arrest, the defendant was in jail on a charge unrelated to his probation violation. *Dolan, supra,* at 1371. The defendant was then sentenced to three years for his probation violation. *Id.* This court determined that the defendant was entitled to credit time toward his sentence for the probation violation for the time spent from the arrest for the violation to the date of sentencing for the violation. *Id.* at 1373. This court also noted that the defendant was entitled to credit time for his confinement for the original offense from the date of his arrest to the date of release after posting bail. *Id.* at 1373–1374.

■ In *Dolan,* this court relied upon our Supreme Court's determinations in *Owen v. State* (1979), 272 Ind. 122, 396 N.E.2d 376, and *Franks v. State* (1975), 262 Ind. 649, 323 N.E.2d 221, *reh. denied.* Both cases involved defendants who were confined for an arrest on one charge and at the same time were convicted and sentenced in different proceedings on another charge. In deciding whether the defendants were entitled to credit time, our supreme court awarded the defendants credit time from the date of the original arrest to the date of the sentencing for that arrest. *Owen, supra,* 396 N.E.2d at 383; *Franks, supra,* 323 N.E.2d at 224. The

---

3. We note that the trial court ordered that Muff's sentences be served consecutively as required by statute. I.C. 35–50–1–2(b) provides in pertinent part:

> If, after being arrested for one crime, a person commits another crime:
> (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

> (2) while the person is released:
> (A) upon the person's own recognizance; or
> (B) on bond;
> the terms of the imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

court set forth the rule that a defendant should be given credit for the time served from the day of the arrest on the charge until the time of the sentencing on that charge. *Id.*

Recently, in *Willoughby*, a defendant similarly appealed the computation of his pretrial confinement credit. While on probation for an offense in Marion County, the defendant was arrested and charged with battery and criminal recklessness in Hamilton County. *Id.* at 601. The defendant was then arrested for violating his probation. *Id.* This court agreed with the trial court which had awarded the defendant credit time for time spent in confinement from the date of his arrest for the probation violation to the date of sentencing for the violation. *Id.* at 602. This court also stated that Willoughby was entitled to receive credit time upon sentencing for the Hamilton County crime as well. *Id.* In so holding, the court noted that each court is responsible only for crediting time in confinement as a result of the charge for which that court is sentencing the defendant. *Id.*

■ Prior to the modification, Muff received eighty-nine days credit for Count I and 184 days credit for Count II for a total of 273 days credit. After modification, Muff was awarded seventy-four days credit for Count I and 115 days for Count II.

The trial court properly modified Muff's sentence for Count I for which he was awarded seventy-four days credit based upon his confinement upon arrest (July 15–16, 1993) and his subsequent arrest after his bond was revoked (September 8, 1993) through sentencing (November 18, 1993).

However, the trial court erred in reducing Muff's credit for Count II to 115 days. Muff was given credit for Count II for his arrest (August 24, 1993) through the date of the bond revocation (September 8, 1993) and then for his confinement after being sentenced for Count I (November 18, 1993) through sentencing for Count II (February 24, 1994). The trial court did not credit Muff with time served from September 8, 1993 through November 18, 1993.

■ As indicated *supra*, a defendant is entitled to full credit for each offense for which he is sentenced. *Owen, supra, Franks, supra, Willoughby, supra,* and *Dolan, supra.* We determine that Muff should be entitled to full credit for Count II. Therefore, Muff should receive credit for the time served from the day of his arrest (August 24, 1993) until the date of his sentencing (February 24, 1994) for a total of 185 days.

Accordingly, we remand this cause to the trial court with instructions to award Muff presentence credit time in accordance with this opinion.

GARRARD and ROBERTSON, JJ., concur.