Rhonda L. DILLEHAY, Appellant–Defendant,

v.

STATE of·Indiana, Appellee–Plaintiff.

No. 49A02–9601–PC–15.

Court of Appeals of Indiana.

Oct. 31, 1996.

Andrew C. Maternowski, Indianapolis, for Appellant-Defendant.

Pamela Carter, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee-Plaintiff.

## OPINION

KIRSCH, Judge.

Rhonda Dillehay pled guilty to dealing in cocaine,[1] a Class A felony. She later sought post-conviction relief from that plea. The trial court denied relief, and Dillehay now appeals. She presents two issues:

I. Whether the post-conviction court erred in determining that Dillehay's guilty plea was voluntary and intelligent; and

II. Whether the post-conviction court erred in determining that the State

---

1. *See* IC 35–48–4–1.

established an adequate factual basis for Dillehay's guilty plea.

We affirm.

## FACTS AND PROCEDURAL HISTORY

This appeal involves two cases against Dillehay, one in Room 3 of the Marion County Superior Court, Criminal Division (Court 3), and the other in Room 6 of the same court (Court 6). In Court 3, Dillehay faced charges of cocaine dealing, cocaine possession, and narcotics possession, arising from a police raid on a hotel room. In Court 6, Dillehay faced two counts of cocaine dealing and two counts of cocaine possession, arising from cocaine sales to a confidential informant.

Dillehay's counsel advised her that convictions in both courts on the dealing counts would result in a minimum forty-year sentence—twenty years in each court with mandatory consecutive sentences. To avoid the risk of forty years in prison, Dillehay signed a plea agreement calling for a twenty-year executed sentence. The agreement required Dillehay to plead guilty to the dealing count in Court 6. In return, the State agreed to dismiss the remaining counts in Court 6 and to dismiss all counts in Court 3.

At the guilty plea hearing the judge determined that Dillehay understood the terms of the plea agreement. The judge further confirmed that Dillehay knew the sentencing range for the dealing charge was twenty to fifty years, with a determinate sentence of thirty years. *Record* at 56–57. The judge then asked the prosecutor to state the maximum total sentence for all counts. The prosecutor did not know, but Dillehay's lawyer stated that the total potential sentence would be 179 years.[2] *Record* at 60. When the judge asked Dillehay why she was pleading guilty, Dillehay responded: "Because I am guilty." *Record* at 54.

After ascertaining that Dillehay understood her rights concerning trial, the judge asked the prosecutor to recount the factual basis for the plea. The prosecutor read

from the probable cause affidavit, which indicated that a confidential informant met Dillehay in two locations. Both times the informant obtained envelopes which Dillehay said contained cocaine. Subsequent testing proved that the envelopes, which bore Dillehay's fingerprints, did in fact contain cocaine. *Record* at 81–84. Dillehay admitted these allegations. The judge found the State had presented an adequate factual basis for the plea and accepted the plea agreement.

After her prison term started, Dillehay learned that her attorney was incorrect in believing that sentences from Courts 3 and 6 must be served consecutively. Accordingly, Dillehay filed a post-conviction relief petition. At the hearing on the petition she testified that she decided to plead guilty because the plea agreement offered a single twenty-year sentence as compared to the two consecutive twenty-year sentences her counsel told her she faced. She insisted that she pled guilty only because she mistakenly believed that the agreed sentence allowed her to avoid a minimum forty-year sentence.

The post-conviction court determined that the attorney had misinformed Dillehay concerning the potential sentence in two ways: first by advising her that the sentences must be consecutive, and second by miscalculating the maximum sentence at 179 years when the actual total was 152 years. The court decided, however, that the misinformation did not warrant post-conviction relief. Further, the court found that the factual basis for the plea was adequate.

## DISCUSSION AND DECISION

### I. Effect of Sentence Advisement

 To obtain post-conviction relief, Dillehay must establish her claims by a preponderance of the evidence. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993). Having failed to convince the post-conviction court of the merits of her claims, Dillehay must now demonstrate that the evidence leads unmistakably to reversal. *Butler v. State*, 658 N.E.2d 72, 75 (Ind.1995). We

---

**2.** The 179–year figure included two years resulting from probation revocation on a previous con-

viction. *Record* at 60.

consider only the evidence that supports the post-conviction court's decision along with any reasonable inferences from that evidence. *Wickliffe v. State*, 523 N.E.2d 1385, 1386 (Ind.1988).

■ Dillehay contends that due to her counsel's incorrect advice concerning the potential sentences, her guilty plea was neither voluntary nor intelligent. She insists she would have gone to trial in both courts had she known the potential sentences could be concurrent. She further argues that the incorrect advice she received concerning the total maximum sentence interfered with her ability to make an intelligent plea.[3]

The State responds that Dillehay has failed to prove she would have gone to trial but for the inaccurate sentencing advice. Further, the State points out that Indiana law requires a sentencing advisement solely on the charge to which the defendant intends to plead guilty, not on charges dismissed. *Brown v. State*, 443 N.E.2d 316, 319 (Ind. 1983). Accordingly, the State contends, the misinformation on the dismissed charges does not render the plea invalid, because no advice was required on those charges. Dillehay acknowledges that no advisement is required for dismissed charges but counters that if an advisement is given, it must be correct.

■ To be valid, a guilty plea must be made knowingly, voluntarily and intelligently. *Stowers v. State*, 266 Ind. 403, 409, 363 N.E.2d 978, 982 (1977); *Likens v. State*, 177 Ind.App. 101, 105, 378 N.E.2d 24, 27 (1978). The plea bargain offered by the State may not be illusory. *Daniels v. State*, 531 N.E.2d 1173, 1174 (Ind.1988). Where, as here, the plea agreement calls for certain charges to be dismissed, the plea is voluntary if the defendant understands the sentencing range for the charge(s) to which the defendant is pleading guilty. IC 35–35–1–2(a)(3). Indiana precedent does not require the trial court to advise the defendant concerning penalties for charges to be dismissed. *Brown*, 443 N.E.2d at 318–19; *Likens*, 177

Ind.App. at 110, 378 N.E.2d at 30. As the court stated in *Brown*, "[d]efendant is entitled to be informed of the actual penal consequences of his plea of guilty, not the hypothetical result of a trial on a charge which the State has agreed not to prosecute in return for the plea." 443 N.E.2d at 319. Absent coercion or deception regarding charges to be dismissed, a reviewing court must consider all facts and circumstances, including misadvice, to determine whether the defendant voluntarily and intelligently pled guilty. *Lockhart v. State*, 257 Ind. 349, 353–54, 274 N.E.2d 523, 526 (1971); *Likens v. State*, 177 Ind.App. at 109, 378 N.E.2d at 29.

Dillehay insists that the incorrect sentencing advice rendered her plea invalid as a matter of law. She cites *Likens v. State*, 177 Ind.App. 101, 378 N.E.2d 24 (1978), which our supreme court quoted in the *Brown* opinion. Highlighting dicta from *Likens*, Dillehay argues that receiving misinformation is more damaging than receiving no information. The *Likens* opinion notes that "[w]here misadvice from counsel leads the defendant to believe he can receive a sentence much longer than the law would allow, at least two courts [in other jurisdictions] have permitted the plea to be set aside." 177 Ind.App. at 109 n. 7, 378 N.E.2d at 29 n. 7. The court went on to explain, however, that to require sentencing advice covering all charges would be to restructure and potentially confuse the plea bargaining process:

> "The advice, if given, could be both speculative and misleading since the prosecution is neither bound to submit to the jury every charge in the information, nor is it barred from commencing additional criminal proceedings because the defendant is already charged with a crime. Because of these uncertainties it would be unduly time consuming and still potentially confusing to the accused to impose such a requirement."

*Likens*, 177 Ind.App. at 110, 378 N.E.2d at 30.

According to Dillehay, a defendant should be advised not only of the sentencing range

---

**3.** Dillehay makes passing references to ineffective assistance of counsel, but she does not pursue this argument.

for the charge to which the defendant is pleading guilty, but also of the ranges and potential sentencing combinations for all charges to be dismissed. In Dillehay's case, this would have required an explanation of the potential for concurrent versus consecutive sentences on every possible combination of convictions, e.g., both counts of possession but not dealing, or both counts of dealing, or one count of dealing in one court and one count of possession in the other, and so on. This would make the advisement extremely complex and would lengthen the bargaining process. We find no such sweeping requirement for sentencing advice in our precedent, and we decline to impose one here.

 Although the misadvice does not warrant reversal as a matter of law, we must examine the related factual question: whether the incorrect advice concerning the minimum sentence rendered Dillehay's plea bargain illusory. A plea induced by an improper threat is illusory, thus involuntary and invalid. *Gibson v. State*, 456 N.E.2d 1006, 1009 (Ind.1983)(quoting *Nash v. State*, 429 N.E.2d 666, 671 (Ind.Ct.App.1981)); *see also Marshall v. State*, 590 N.E.2d 627, 631 (Ind.Ct. App.1992), *trans. denied.* When sentencing advice from defense counsel is at issue, we consider all relevant facts and circumstances, including the actual sentence risk, the plea agreement, and the post-conviction hearing evidence, then determine whether the advice was so egregiously erroneous as to take on the character of an illusory threat. Here, these factors indicate that the misadvice did not render the plea illusory.

First, Dillehay stood charged with multiple offenses stemming from at least three separate drug transactions. Although the charges included lesser offenses for which Dillehay could not be sentenced, she nonetheless faced a maximum sentence of 152 years.[4] If Dillehay had gone to trial in both courts she would have risked spending the rest of her life in prison. Like the post-conviction court, we are not persuaded by Dillehay's retrospective belief that she would

have risked the maximum sentence had she known the minimum was twenty rather than forty years. Second, the plea agreement offered her a substantial reduction from the maximum sentence, along with the certainty of a single conviction on her criminal record, rather than multiple felony convictions. Third, the forty-year sentence was certainly one of the risks Dillehay faced in going to trial. Although consecutive sentences were not mandatory, the law allowed the courts to impose sentences consecutively.[5] Thus, even though the advice concerning a minimum forty-year sentence was incorrect, it was not analogous to an illusory threat; a forty-year sentence was a very real risk. Lastly, Dillehay understood that the charge to which she was pleading guilty carried a minimum twenty-year sentence. *Record* at 203. Given that Dillehay faced a 152–year sentence, was at risk of a forty-year sentence, and understood the actual minimum sentence for the dealing charge, the post-conviction court correctly determined that the sentencing misinformation did not render Dillehay's guilty plea invalid.

## II. Adequacy of Factual Basis

 Dillehay contends that the factual basis of her plea was inadequate for two reasons. First, she claims the prosecutor's recitation of the facts failed to include any evidence that she delivered the cocaine to the confidential informant. Rather, according to Dillehay, the recited facts indicate only that the confidential informant met her, that she told the informant the envelopes held cocaine, and that the envelopes bore her fingerprints. Second, Dillehay claims the trial court never explained the elements of cocaine dealing to her, so her admission to the charge of "Count One, Dealing in Cocaine" did not establish a factual basis for her plea. In response, the State points out that Dillehay understood the dealing charge and further understood that by pleading guilty, she was admitting she committed the crime.

---

4. Although Dillehay believed the maximum was 179 years rather than 152, we find this difference immaterial. *But cf. Marshall v. State*, 590 N.E.2d 627, 630 (Ind.Ct.App.1992)(suggesting in dicta that misadvice concerning sentencing on

multiple counts could warrant relief) *trans. denied.*

5. IC 35–50–1–2.

According to IC 35–35–1–3(b), a trial court is required to ascertain that there is a factual basis for a guilty plea. Our supreme court explained the purpose and scope of this requirement in *Butler v. State*, 658 N.E.2d 72 (Ind.1995). The court stated the requirement "ensures that a person who pleads guilty truly is guilty" and

> "inquiry into the factual basis of the plea provides the court with a better assessment of the defendant's competency and willingness to plead guilty, ... increases the visibility of charge reduction practices, provides a more adequate record and thus minimizes the likelihood of the plea being successfully challenged later, and aids correctional agencies in the performance of their functions."

*Butler*, 658 N.E.2d at 76 (quoting 2 Wayne R. LaFave & Jerold H. Israel, CRIMINAL PROCEDURE, § 20.4(f) n. 120)(1991). As to the scope of the requirement, the court noted that there is no precise formula for trial courts to use in assessing the adequacy of the factual basis for a guilty plea. The court explained that "[t]his is because a finding of factual basis is a subjective determination that permits a court wide discretion—discretion that is essential due to the varying degrees and kinds of inquiries required by different circumstances." 658 N.E.2d at 76–77. Unless the evidence points unmistakably to reversal, we will defer to the post-conviction court's determination as to the adequacy of the factual basis. *Id.*

In circumstances more complex than those at issue here, both our supreme court and this court have affirmed guilty pleas based on probable cause affidavits. In *Moredock v. State*, 540 N.E.2d 1230 (Ind.1989), the defendant entered a guilty plea but professed his innocence to a probation officer. The defendant then sought post-conviction relief, based on his claim of innocence. The court determined that there was an adequate factual basis for the plea, given the probable cause affidavit and the defendant's confirmation of the statements in the affidavit. *Id.* at 1231. Similarly, in *Hitlaw v. State*, 178 Ind.App. 124, 381 N.E.2d 527 (1978), this court upheld a guilty plea despite the defendant's subsequent claim that he could not recall the crime. The probable cause affidavit and the defendant's acknowledgment that the allegations were true to the best of his knowledge were an adequate basis for accepting the plea. 178 Ind.App. at 126–27, 381 N.E.2d at 528.

Although the probable cause affidavit in this case does not specifically allege that Dillehay delivered the cocaine to the confidential informant, the affidavit certainly leads to that inference. Dillehay admitted the facts in the affidavit and admitted she was guilty of dealing in cocaine. Her admissions at the guilty plea hearing constitute a sufficient factual basis for her plea.

We hold that Dillehay's understanding of the sentencing range for dealing in cocaine provided a foundation for a voluntary and intelligent guilty plea, and that there was a sufficient factual basis for the plea.

Affirmed.

ROBERTSON, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

The post-conviction court concluded that the erroneous advisement by counsel, which led to petitioner's belief that the minimum sentence for conviction on the two dealing counts was forty years, was irrelevant because the plea agreement called for the twenty-year sentence.

In my opinion, such conclusion does not address the question as to whether "but for" the belief that she faced a minimum of forty years, she would have agreed to the twenty year sentence. It does not address the question whether in that light Dillehay entered her plea "intelligently".

Although Dillehay was misadvised that the minimum term of incarceration possible was forty years, the fact remains that if convicted on both dealing counts the trial court could have, in its discretion, ordered the two twenty-year sentences to be served consecutively. The post-conviction court was justified in concluding that the misadvisement did not render her plea involuntary or unintelligent. Dillehay has not carried her burden to prove

that the misadvisement was the motivating factor in her decision to plead guilty. For this reason I concur.