**Johnie E. DAVIDSON, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 22A01–0004–PC–116.

Court of Appeals of Indiana.

Sept. 25, 2000.

Rehearing Denied Nov. 13, 2000.

Susan K. Carpenter, Public Defender of Indiana, C. Brent Martin, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-petitioner Johnie E. Davidson appeals the denial of his petition for post-conviction relief, claiming ineffective assistance of both trial and appellate counsel. Specifically, Davidson claims that he is entitled to relief because trial counsel failed to seek a mandatory severance of unrelated charges which resulted in the imposition of otherwise illegally consecutive sentences. Davidson also asserts that trial counsel was ineffective for failing to object to the trial court's use of impermissible aggravating factors when imposing the sentence and that appellate counsel was ineffective for failing to raise these issues on direct appeal.

### FACTS

The facts most favorable to the judgment reveal that Davidson was charged with robbery as a class B felony of the Swifty Food Mart in New Albany which occurred on December 22, 1988. He was also charged with robbery of the Ace Food Mart as a class B felony which took place on December 4, 1988, and for attempted robbery of an individual at gunpoint resulting in serious bodily injury as a class A felony which occurred on January 1, 1989. The State also alleged that Davidson confined that individual and charged him with a class B felony for that offense. Moreover, Davidson was charged with battery of that individual as a class C felony. Finally, Davidson was charged with the attempted robbery of another individual as a class B felony which also occurred on January 1, 1989.

Davidson's counsel did not move to sever the charges and, following a jury trial which commenced on March 13, 1989, Davidson was found guilty on all counts except for the robbery of the Ace Food Mart. Additionally, the jury convicted him of the attempted robbery charge, which occurred on January 1, 1989, as a class B

felony and the battery of that individual as a class A misdemeanor.

As a result of these convictions, on April 17, 1989, the trial court sentenced Davidson to the maximum sentence on each count with all time to be served consecutively for an aggregate sentence of eighty-one years. This court affirmed Davidson's convictions on direct appeal in an unpublished memorandum decision. *Davidson v. State,* 557 N.E.2d 8 (Ind.App. 1990).

On February 25, 1999, Davidson filed an amended petition for post-conviction relief,[1] claiming that trial counsel was ineffective for failing to move for separate trials. Davidson asserted that the trial court would have been prohibited from imposing consecutive sentences for each charge had trial counsel requested severance. R. at 107. Davidson also alleged that he was erroneously sentenced because the trial court considered a number of improper aggravating factors in determining the proper sentence to impose. At a hearing on the petition, Davidson's trial counsel testified that he could not recall whether he considered filing a motion for severance or what the law was concerning a sentencing court's authority to order consecutive sentences at the time of Davidson's trial. Following an evidentiary hearing, the post-conviction court denied Davidson's petition for post-conviction relief on March 14, 2000. Davidson now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

Post-conviction procedures do not afford the petitioner with a "super-appeal." *Benefiel v. State,* 716 N.E.2d 906, 911 (Ind.1999). Instead, these procedures create a narrow remedy for subsequent collateral challenges to convictions which must be based on grounds enumerated in the post-conviction rules. *Weatherford v. State,* 619 N.E.2d 915, 916–17 (Ind.1993). We will neither reweigh the evidence nor judge the credibility of witnesses. Rather, we will consider only the evidence and the reasonable inferences therefrom supporting the post-conviction court's judgment. *Taylor v. State,* 717 N.E.2d 90, 92 (Ind. 1999).

We note that when analyzing claims of ineffective assistance of counsel, this court applies the two-pronged standard announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That standard requires Davidson to prove both that counsel's performance was deficient, and that any of those alleged deficiencies prejudiced him. *See Williams v. State,* 706 N.E.2d 149, 154 (Ind.1999). The petitioner must show that there is a reasonable probability that but for counsel's errors, the result would have been different. *Woods v. State,* 701 N.E.2d 1208, 1224 (Ind.1998); *Smith v. State,* 689 N.E.2d 1238, 1243 (Ind. 1997). This court has held that failure to seek automatic severance as a right rises to the level of deficient performance. *Wilkerson v. State,* 728 N.E.2d 239, 248–49 (Ind.Ct.App.2000).

### II. Davidson's Claims

#### A. Ineffective Assistance—Failure to Move for Severance

Davidson claims that trial counsel was ineffective for failing to move to sever the charges. Specifically, he asserts that prejudice resulted because, at the time of his trial, the court was limited to ordering consecutive sentences to cases that were simultaneously before the court for sentencing. Appellant's brief at 9. Thus, Davidson contends that he is entitled to relief because he could only have received a maximum of forty-one years had the trials been severed.

To resolve this issue, we note at the time of Davidson's trial, IND. CODE § 35–34–1–11(a), the severance statute, provided in relevant part as follows:

---

1. Davidson had filed a *pro se* petition for post- conviction relief on September 12, 1994.

Whenever two or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have the right to a severance of the offenses.

Here, as pointed out in the *FACTS*, there were four separate incidents, with four different victims, at four different times at four different locations with no common distinctive nature or mode of operation. Thus, each offense could have been tried without reference to any of the other charges. While the charged offenses involved robberies, they were unrelated in all respects. As the severance statute points out, the defendant has the right to severance of the charges when they are joined solely on the ground that they are of the same or similar character. Thus, the trial court lacked discretion to deny a motion to sever the trial had one been made.

In addition to the provisions set forth in the severance statute, we note that the relevant provisions of the sentencing statute, I.C. § 35–50–1–2,[2] provided as follows:

Except as provided in subsection (b), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If, after being arrested for one (1) crime, a person commits another crime:

(1) before the date the person is discharged from probation, parole or a term of imprisonment imposed for the first crime; or

(2) while the person is released:

(A) Upon the person's own recognizance;

(B) On bond;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Under the terms of the sentencing statute that then existed, our supreme court determined that a trial court may impose consecutive sentences only when it was contemporaneously imposing two or more sentences. *Kendrick v. State*, 529 N.E.2d 1311, 1312 (Ind.1988); *see also Seay v. State*, 550 N.E.2d 1284, 1289 (Ind.1990).[3] Thus, in this case, the maximum sentence that Davidson could have received was forty-one years. Specifically, the trial court could have ordered the sentences for the convictions on attempted robbery, confinement and battery regarding the same victim that were committed on January 1, 1989, to run consecutively. However, in light of the provisions of the sentencing statute which applied to Davidson, the sentences imposed on the remaining counts could only have been ordered to run concurrent with the sentences imposed in the January 1 incident. Inasmuch as Davidson's trial counsel was deficient for failing to seek automatic severance, the consecutive sentences that were imposed cannot stand. *See Wilkerson*, 728 N.E.2d at 248–49.

### B. Sentencing—Impermissible Aggravating Factors

Davidson next contends that he was improperly sentenced. Specifically, he asserts that the sentence must be vacated because the trial court considered a number of improper aggravating circumstances. In support of his claim, Davidson points to the alleged erroneous aggravating factors that the trial court identified: 1) there were multiple offenses; 2) Davidson pointed a gun at the victims; 3) Davidson has displayed bad character because

---

**2.** This statute has been substantially revised and is now codified at I.C. § 35–50–1–2.

**3.** Although not applicable to this case as Davidson was sentenced in 1989, the 1994 amendment to I.C. § 35–50–1–2 has over-

turned the contemporaneity requirement set forth in *Kendrick* and *Seay*. *See Weaver v. State*, 664 N.E.2d 1169, 1170 (Ind.1996); *Wilkerson*, 728 N.E.2d at 248 n. 2.

he is a criminal; 4) the normal feelings of the victims; 5) Davidson is in need of correctional or rehabilitative treatment best provided by commitment to a penal facility as it relates to the use of a gun; and 6) a reduced sentence and imposition of probation would depreciate the seriousness of the crime. R. at 1947–52.

To resolve this issue, we initially observe that the trial court has discretion to determine the appropriate sentence, and it may be reversed only if the defendant shows a manifest abuse of discretion. *Ford v. State,* 704 N.E.2d 457, 461 (Ind. 1998). Additionally, it is within the trial court's discretion to impose enhanced and maximum sentences. *Allen v. State,* 722 N.E.2d 1246, 1250 (Ind.App.2000). A single aggravating factor may be sufficient to support both the enhancement of a presumptive sentence and the imposition of consecutive sentences. *Allen v. State,* 720 N.E.2d 707, 716 (Ind.1999). In *Thacker v. State,* 709 N.E.2d 3, 9 (Ind.1999), our supreme court outlined a trial court's responsibilities when it considers imposing a sentence that deviates from the presumptive sentence authorized by statute:

> If a trial court uses aggravating or mitigating circumstances to enhance or reduce the presumptive sentence, or to impose consecutive sentences, it must (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of the circumstances.

Inasmuch as only one properly considered aggravating factor may appropriately enhance a sentence or justify the imposition of consecutive sentences, we need not address Davidson's claim that each circumstance cited above was improper. Rather, we note that the trial court in this instance determined that the risk was "extremely high" that Davidson would commit other offenses if he were "allowed to be back in public." R. at 1947–48. Such is a proper aggravating circumstance as found by the trial court. *See Staton v. State,* 640 N.E.2d 741, 743 (Ind.Ct.App.1994), *trans. denied.* As the sentencing court is required to consider a defendant's character pursuant to I.C. § 35–38–1–7.1, the trial judge noted that Davidson's "character" displayed extreme self-centeredness, exertion of control over others and absolutely no concern for what could have happened to the victims. Contrary to Davidson's claim, the trial court pointed to more than "the mere fact the defendant committed the crimes of which he was convicted." Appellant's brief at 17. Thus, the trial court's imposition of the maximum sentence which was ordered to run consecutively may stand.

### C. Ineffective Assistance of Appellate Counsel

Inasmuch as we have decided that Davidson received the ineffective assistance of trial counsel with respect to the failure to move for severance of the charges, we need not address his contention of ineffective assistance of appellate counsel for failing to raise this issue. Similarly, because Davidson was properly sentenced with respect to the finding of aggravating circumstances, we need not address his argument with respect to appellate counsel's failure to raise this sentencing error.

### CONCLUSION

In light of our disposition of the issues set forth above, we conclude that Davidson's trial counsel was ineffective for failing to move for severance of the charges. We note, however, that Davidson was properly sentenced with respect to the finding of valid aggravating circumstances. Inasmuch as Davidson was entitled to severance of the charges as a matter of right, and consecutive sentences could not have been imposed under the sentencing statute as it then existed, we must reverse and remand this case to the trial court with instructions that it vacate the order direct-

ing Davidson to serve consecutive sentences. Thus, Davidson may only be ordered to serve an aggregate term of forty-one years.

Reversed in part and remanded with instructions.

SHARPNACK, C.J. and VAIDIK, J., concur.