Jason C. **PEACE**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 45A04–0004–PC–139.

Court of Appeals of Indiana.

Oct. 24, 2000.

Susan K. Carpenter, Tracy A. Nelson, Indianapolis, Indiana, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge

### STATEMENT OF THE CASE

Petitioner–Appellant Jason C. Peace (Peace) appeals the denial of his petition for post-conviction relief.

We affirm.

### ISSUES

Peace raises several issues for our review which we restate as:

I. Whether the post-conviction court erred by finding that Peace's plea agreement was entered into knowingly, intelligently and voluntarily in spite of Peace's trial counsel's alleged ineffective assistance of counsel for failure to discuss severance of the charges with him and failure to give correct sentencing advice.

II. Whether the post-conviction court erred by finding that Peace received the proper amount of credit time.

### FACTS AND PROCEDURAL HISTORY

Peace was charged with ten crimes, which were alleged to have occurred between June 8, 1994 and June 15, 1994, under seven separate cause numbers. The crimes were charged as follows: 1) Cause No. 169—Class B robbery; 2) Cause No. 173—Class C auto theft; 3) Cause No. 175—Class B burglary; 4) Cause No. 176—Class C robbery; 5) Cause No. 178—Class C robbery; 6) Cause No. 189—Class C auto theft, Class C auto theft, Class C auto theft; and 7) Cause No. 190—Class B robbery, Class C burglary. On December 13, 1994, Peace entered into a plea agreement wherein he pleaded guilty to the Class B robbery charge in Cause No. 169,

the Class B robbery charge in Cause No. 190, and the Class C robbery charge in Cause No. 178 in exchange for dismissal of all remaining charges. On January 10, 1995, the court sentenced Peace to ten years on the Class B robbery charge in Cause No. 169, ten years on the Class B robbery charge in Cause No. 190 to be served consecutively to the term in Cause No. 169, and six years for the Class C robbery charge in Cause No. 178, which also was to be served consecutively to the charge in 169, for an aggregate term of twenty years. The trial court ordered that Peace receive credit for 208 days incarceration as to the sentence imposed in Cause No. 169. The trial court indicated that Peace could not receive credit under the sentences for the other two causes because they were to be served consecutively to the first.

On November 9, 1995, Peace filed a *pro se* motion for credit time to be applied to his sentences under Cause No. 178 and Cause No. 190. The trial court denied Peace's motion. On August 4, 1998, Peace filed a *pro se* petition for post-conviction relief that was amended on December 20, 1999. In that petition, Peace alleged 1) that his plea was not knowing or voluntary because his counsel misinformed him of the maximum sentencing terms if he was convicted on all ten charges; 2) ineffective assistance of counsel for failing to discuss severance of the charges with him; and 3) that he should have received jail credit time on all the charges to which he pleaded guilty.

Peace's post-conviction hearing was held on February 16, 2000. At that hearing he introduced chronological case summaries, charging informations, and probable cause affidavits for the dismissed charges. He also asked the trial court to take judicial notice of its file. Peace testified and also called his trial attorney to the stand. The State introduced transcripts from Peace's guilty plea and sentencing hearing.

The post-conviction court denied relief that same day. The court found that

Peace's plea was knowingly and voluntarily made, that trial counsel was effective, that the proper amount of jail credit time had been awarded, and that Peace's claim that his charges should have been severed was not supported by the evidence. The post-conviction court found that even had Peace's charges been severed he would have received ten separate sentences, subjecting him to more than a maximum sentence of twenty years. This appeal ensued.

## DISCUSSION AND DECISION
### STANDARD OF REVIEW

■■■ In order to obtain post-conviction relief, Peace must establish his claims by a preponderance of the evidence. *See Dillehay v. State,* 672 N.E.2d 956, 958 (Ind.Ct. App.1996); Ind. Post–Conviction Rule 1.5. Because the post-conviction court was unpersuaded about the merits of Peace's claims, Peace must convince us that the evidence leads unmistakably to reversal. *See Dillehay,* 672 N.E.2d at 958. We consider only the evidence that supports the post-conviction court's decision along with any reasonable inferences from that evidence. *Id.* at 959.

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

Peace claims that the post-conviction court erred by denying his petition for post-conviction relief because his plea agreement was not entered into knowingly, intelligently or voluntarily. Peace contends that he was entitled to an automatic motion to sever regarding Cause No. 189 and Cause No. 190. He claims that because his trial counsel failed to so move, he was subject to consecutive sentences that otherwise would not be available had the motion been made. He claims that he entered into the plea bargaining process with the impression that he potentially could be sentenced to a far greater amount of time than was authorized by statute. Therefore, he concludes, his guilty plea

should have been vacated because it was illusory.

We disagree with Peace's identification of the issue. The question is not whether there was an improper joinder or failure to sever offenses. The question is whether Peace was prejudiced by pleading guilty to three separate causes of action, and by being sentenced for them contemporaneously. We hold that Peace was not prejudiced.

### A. STANDARD

When analyzing claims of ineffective assistance of counsel, this court applies the two-pronged standard announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Davidson v. State*, 735 N.E.2d 325, 327 (Ind.Ct.App.2000). Peace must prove that his trial counsel's performance was deficient, and that any of the alleged deficiencies prejudiced him. *See id.* A petitioner must show that there is a reasonable probability that but for counsel's errors, the result would have been different. *Id.*

■ Peace cites to *Wilkerson v. State*, 728 N.E.2d 239 (Ind.Ct.App.2000), and to *Davidson*, to support his position that his trial counsel was deficient for failing to move to sever the counts in Cause No. 189 and Cause No. 190. In those cases different panels of this court held that trial counsel was deficient for failing to move for an automatic severance. *See Wilkerson*, 728 N.E.2d at 248–49. While we agree with the decision reached in both of those cases, we believe that the case at bar is different. While counsel technically may have been deficient for failing to move for an automatic severance, Peace must also establish that he was prejudiced thereby.

### B. SEVERANCE OF THE CHARGES

Peace claims that although his counsel did not so move, he was entitled to severance of the charges against him. In one of the causes against Peace he was charged with three counts of auto theft. In another of the causes against Peace he was charged with one count of burglary, and robbery resulting in bodily injury. The remainder of the causes against him alleged single counts. Peace contends that consecutive sentences could not have been imposed against him if the charges had been tried separately because he was entitled to severance of the charges as a matter of right. He concludes that he did not realize the impact severance would have had on the potential sentences for the crimes charged against him and would not have pleaded to a possible term of forty-eight years when he should have been facing a possible maximum term of twenty years.

The post-conviction court found that in Cause No. 189, the cause alleging three counts of auto theft, the incidents in question were alleged to have occurred on two or three separate days, involving different locations, and different victims. In Cause No. 190, the cause alleging the occurrence of a burglary and robbery, the post-conviction court found that the crimes took place on one or two separate days, and involved two different victims at two separate locations. (R. 273).

The post-conviction court found that Peace may or may not have been entitled to a motion to sever on the two cause numbers alleging multiple counts against him. The post-conviction court also found that Peace was not entitled to a motion to sever on the remaining causes because those causes alleged single counts.

Ind.Code § 35–34–1–9(a) provides as follows:

Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:

(1) are of the same or similar character, even if not part of a single scheme or plan; or

(2) are based on the same conduct or on a series of acts connected together or

constituting parts of a single scheme or plan.

However, Ind.Code § 35–34–1–11(a) provides as follows:

> Whenever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses.

We have held that the right to severance is automatic and the trial court has no discretion to deny the defendant's motion for severance. *See Wilkerson,* 728 N.E.2d at 246.

Our review of the record leads us to the conclusion that the crimes were not so similar as to say that they were part of a single scheme or plan. Furthermore, we cannot say that there was a common modus operandi linking the crimes. Each of the alleged offenses could have been tried without reference to any of the other charges. Therefore, we find that if defense counsel had moved to sever the charges, Peace is technically correct that the trial court would have lacked the discretion to deny that motion.

However, we first note that the argument regarding Cause No. 189 is irrelevant because Peace did not plead guilty to any of the counts alleged under that cause number. Second, Peace pleaded guilty to only one of the two counts alleged in Cause No. 190. Unlike the defendants in *Wilkerson* and *Davidson,* Peace pleaded to three separate crimes, charged separately, that were sentenced contemporaneously. Put another way, none of the crimes to which he pleaded guilty were joined. Therefore, they were not subject to a motion to sever.

## C. SENTENCING MISADVICE

Peace claims that he entered into the plea agreement under the impression that he was facing a sentence of approximately one hundred sixteen years. Peace's trial counsel advised him that he faced a one hundred sixteen year sentence plus the possibility of being adjudicated an habitual offender. Instead, Peace pleaded guilty to three crimes and subjected himself to a possible sentence of forty-eight years. Ultimately, he received a ten year sentence, with an additional ten year sentence to be served consecutively to the first, with a six year sentence also to be served consecutively to the first for an aggregate twenty year sentence. Peace claims that he didn't understand that he faced a twenty year maximum sentence.[1]

■ To be valid, a guilty plea must be made knowingly, voluntarily and intelligently. *Dillehay,* 672 N.E.2d at 959. The plea bargain offered by the State may not be illusory. *Id.* Where a plea agreement calls for certain charges to be dismissed, the plea is voluntary if the defendant understands the sentencing range for the charge(s) to which the defendant is pleading guilty. *Id.* We have held that Indiana precedent does not require the trial court to advise the defendant concerning penalties for charges that are to be dismissed. *Id.*

■ A defendant is entitled to be informed of the actual penal consequences of his plea of guilty, not the hypothetical result of a trial on a charge which the State has agreed not to prosecute in return for the plea. *Id.* Absent coercion or deception regarding charges to be dismissed, a reviewing court must consider all facts and circumstances, including misadvice, to determine whether the defendant voluntarily and intelligently pleaded guilty. *Id.*

■ We have held that while misadvice does not warrant reversal as a matter of law, a court on review must examine whether the incorrect advice concerning the minimum sentence rendered the defen-

---

1. The maximum sentences mentioned do not include the number of additional years Peace

could have received had the State sought a determination as a habitual offender.

dant's plea bargain illusory. *Id.* at 960. A plea induced by an improper threat is illusory, thus involuntary and invalid. *Id.* We have held that when the sentencing advice of defense counsel is at issue, we consider all relevant facts and circumstances, including the actual sentence risk, the plea agreement, and the post-conviction hearing evidence, in order to determine if the advice was so egregiously erroneous as to take on the character of an illusory threat. *Id.*

■ As a general rule, the law that was in effect at the time of the commission of the crime controls the resolution of sentencing issues. *See Riffe v. State,* 675 N.E.2d 710, 712 (Ind.Ct.App.1996). An exception to the general rule is that when the penalty for a crime is decreased by an ameliorative amendment enacted after the commission of the crime but prior to the defendant's sentencing, the defendant may take advantage of the ameliorative provisions. *Id.*

The version of our sentencing statute that is applicable in the present case provided as follows:

> Except as provided in subsection (b), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

Ind.Code § 35–50–1–2(a). Our supreme court determined that a trial court, pursuant to that version of the statute, may impose consecutive sentences only when contemporaneously imposing two or more sentences. *Davidson,* 735 N.E.2d at 328. Therefore, by allowing the cases to be sentenced contemporaneously, Peace faced a maximum sentence of forty-eight years, absent the State seeking an habitual offender determination. Had the cases been sentenced on different days, the maximum sentence Peace faced was twenty years, absent the State seeking an habitual offender determination.

**D. PREJUDICE**

■ We see the issue as whether Peace was prejudiced by being sentenced contemporaneously for the offenses to which he pleaded guilty. We conclude that Peace has failed to show how he was prejudiced. If the trial court had sentenced Peace on different days on the cases to which he pleaded guilty, then Peace would have faced a maximum sentence of twenty years. Here, Peace was sentenced to an aggregate term of twenty years for the offenses to which he pleaded guilty. Peace has failed to meet his burden of proving how he was prejudiced by his counsel's actions. In fact, Peace's trial counsel successfully negotiated a good deal for Peace considering the volume of charges pending against Peace and the very real threat of the State filing an habitual offender count against Peace.

■ Furthermore, Peace was correctly advised regarding the potential maximum sentence he faced regarding the charges to which he pleaded guilty. He was advised that he faced a possible forty-eight year sentence, and he testified to the same. We hold that the sentencing advice given by trial counsel was not so egregiously erroneous as to take on the character of an illusory threat. Additionally, the post-conviction court specifically found that Peace's testimony that he would not have pleaded guilty if the maximum sentence were fifty years was not credible. The post-conviction court specifically found that Peace pleaded guilty to the three charges because he believed it would reduce his maximum sentence. Therefore, Peace's plea was knowingly, intelligently and voluntarily made.

**II. CREDIT TIME**

■ Peace alleges that the trial court erred by denying him credit time for pretrial confinement in Cause No. 178.[2] The trial court ordered that Peace receive

**2.** Peace does not raise the issue of credit time regarding Cause No. 190, therefore, we do not address it.

credit time for pre-trial confinement in Cause No. 168 and found that Peace was not entitled to credit time for the other cases because they were to be served consecutively to Cause No. 168. Peace argues now that, under the reasoning of *Muff v. State*, 647 N.E.2d 681, 683 (Ind.Ct.App. 1995), he is entitled to credit for pre-trial confinement in Cause No. 178 because that sentence was consecutive to a sentence on an unrelated charge.

 Peace's reliance upon that language in *Muff* to support his position is misplaced. Where a defendant is confined during the same period of time for multiple offenses for which he is convicted and sentenced to consecutive terms, credit is applied against the aggregate sentence. *See Stephens v. State*, 735 N.E.2d 278, 284 (Ind.Ct.App.2000). That is what the trial court correctly ordered in this case.

 The other situation referred to in *Muff* and erroneously relied upon by Peace, involves the sentencing of a person, who for example, is arrested and released for one crime and commits and is arrested for another unrelated crime. The sentencing in that situation is mandatorily consecutive. The person receives credit for confinement for the specific charge being sentenced. Where a person is incarcerated and awaiting trial on multiple charges and is sentenced to concurrent terms for those crimes, then he is entitled by statute to receive credit time applied against each term. *See id;* Ind.Code § 35-50-6-3.

The trial court's order regarding credit time was not erroneous.

### CONCLUSION

The post-conviction court did not err by denying Peace's petition for post-conviction relief. While Peace technically is correct that trial counsel was deficient for failing to move to sever some of the charges against him, Peace has failed to show how he was prejudiced by this act. Peace did not go trial on all of the counts against him. The crimes to which he pleaded guilty were not joined; therefore, they were not subject to severance. Furthermore, Peace's plea was knowingly, intelligently, and voluntarily entered into in spite of the fact some of the information he received regarding the potential penalties he might face for his crimes was not entirely accurate. Peace was advised correctly of the range of penalties for the crimes to which he pleaded guilty. Additionally, Peace received the correct amount of credit time for his pre-trial confinement. Peace has failed to establish by a preponderance of the evidence that the evidence leads unmistakably to reversal.

Judgment affirmed.

RILEY, J., and VAIDIK, J., concur.