Benard TOTTEN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A05–0105–PC–224.

Court of Appeals of Indiana.

Nov. 8, 2001.

Publication Ordered Dec. 7, 2001.

Susan K. Carpenter, Public Defender of Indiana, Lisa Malmer Johnson, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, · Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Benard Totten appeals the denial of his petition for post-conviction relief (PCR), by which he sought to challenge his conviction of three counts of robbery, two as class C felonies and one as a class B felony. Those convictions were entered upon Totten's guilty pleas.

Totten presents the following restated issues for review:

1. Did the post-conviction court err in determining that Totten did not receive ineffective assistance of trial counsel with respect to advice concerning the penal consequences of convictions on all three counts?

2. Did the post-conviction court err in refusing to set aside Totten's guilty pleas on the ground that they were illusory?

We affirm.

The facts are that on February 21, 1989, Totten entered a store, threw a bottle at the store's clerk, took money out of a cash register, and ran. On March 17, 1989, Totten knocked a woman down and took her purse. On March 28, 1989, Totten accosted a woman with a knife at the woman's home and ordered her to go into her bathroom. After she did, Totten took her television set and VCR and ran.

Three separate robbery charges were filed against Totten under separate cause numbers. On May 22, 1989, Totten pled guilty to the three robbery charges. On June 19,1989, the trial court held a combined sentencing hearing on all three guilty pleas. The court imposed five-year sentences for each of the C-felony convictions. The court ordered that those sentenced should be served concurrently with one another, but consecutively to the ten-year sentence the court imposed for the B-

felony conviction. Thus, the court imposed an executed sentence of fifteen years.

On May 11, 1998, Totten, acting pro se, filed a PCR petition, alleging multiple grounds for relief. On July 16, 1998, an attorney with the Indiana Public Defender's office entered an appearance on behalf of Totten. On October 31, 2000, counsel filed an amended PCR petition on Totten's behalf, setting forth the grounds enumerated in the statement of the issues set out above. The trial court denied the petition and Totten appeals.

Totten contends that the post-conviction court erred in refusing to set aside his guilty pleas, which Totten contends were illusory. This contention is based upon the claim that he was misadvised with respect to the possible penal consequences of the charges against him. Totten presents this issue in two contexts. First, he claims that counsel's failure to correctly advise him of the penal consequences of proceeding to trial and being found guilty on all three counts constituted ineffective assistance of counsel. Second, he contends that the erroneous advice rendered his guilty pleas unknowing, involuntary, and unintelligent.

### 1.

A petitioner appealing the denial of a petition for post-conviction relief (PCR) appeals from a negative judgment. *Wrinkles v. State*, 749 N.E.2d 1179 (Ind. 2001). In order to prevail, the petitioner must demonstrate that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Id.*

Totten has alleged that he received ineffective assistance of counsel. In order to prevail upon such a claim, a petitioner must demonstrate the existence of the two components of that claim, as established in *Strickland v. Washington*, 466 U.S. 668,

104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Wrinkles v. State*, 749 N.E.2d 1179. A petitioner must first establish that counsel's performance was deficient. In order to do this, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed to the defendant by the Sixth Amendment. *Id.* It is not enough, however, to show deficient performance. In addition, the petitioner must show that the deficient performance prejudiced the defense. *Id.* Because a petitioner must prove both elements, the failure to prove either element defeats the claim. *See Young v. State*, 746 N.E.2d 920 (Ind.2001) (because the two elements of *Strickland* are separate and independent inquiries, the court may dispose of the claim on the ground of lack of sufficient prejudice if it is easier).

Totten claims that counsel rendered ineffective assistance in advising him that the longest executed sentence that he could receive if he were convicted on all three charges was thirty-six years. Totten contends that this information was incorrect and that, in fact, the decision to plead guilty to all three charges exposed him to the risk of a greater sentence than would have been possible if he had been convicted on those charges in three separate trials. Specifically, he argues that, "at the time of Totten's offenses, a trial court did not have the statutory authority to order a sentence served consecutively to a sentence in another cause unless the court was imposing the sentences at the same time." Appellant's Brief at 8. Notwithstanding that rule, according to Totten, he was advised that if he went to trial separately on all three counts, he could possibly have received consecutive sentences totaling thirty-six years. He claims that even if he had been found guilty on all

three counts, he could not have received consecutive sentences. Rather, the longest sentence he would have received as a result of the three trials would have been twenty years. Thus, the argument goes, by pleading guilty to all three at once, he exposed himself to the risk of a longer executed sentence (thirty-six years) than if he had gone to trial and been convicted on the three separate counts (twenty years). According to Totten, "No competent defendant would knowingly plead guilty under these circumstances." Appellant's Brief at 8.

Ind.Code Ann. § 35–50–1–2(a) governs the imposition of consecutive sentences. At the time of Totten's sentencing, subsection (a) of that provision granted general discretionary authority to the trial court to order consecutive sentences under certain circumstances. Our supreme court determined that the language employed therein granted such general authority only on those occasions when a court was meting out two or more terms of imprisonment. *Kendrick v. State,* 529 N.E.2d 1311 (Ind. 1988). In other words, if a court was contemporaneously imposing two or more sentences, it had general statutory authority to order that they should be served consecutively to one another.

In denying Totten's PCR petition, the post-conviction court entered the following relevant findings of fact:

12. It was, and is, the policy [of] the Allen Superior Court Criminal Division to schedule trials of multiple offenses involving the same defendant in close proximity to one another.

13. In all likelihood, trials of the three charges which are the subject of this action would have been scheduled in consecutive weeks, if not on consecutive days of one another.

14. Trials of the three charges which are the subject of this action would have undoubtedly been scheduled within a thirty-day period.

15. Assuming verdicts of guilty, sentencing hearing on all three charges would have been held contemporaneously in which event the Petitioner's maximum possible exposure would have been 36 years.

*Appendix to Appellant's Brief* at 53–54.

■ It is unclear from the record whether counsel's advice that Totten faced a possible thirty-six-year sentence was based upon his understanding of IC § 35–50–1–2(a), or whether it was based upon his knowledge of the practice of the Allen Superior Court Criminal Division, as set forth in the findings above. Either way, in view of that practice, the net effect was that counsel's advice was correct—a conclusion which we will explain later in our discussion of Issue 2. Obviously, a finding of deficient performance cannot be premised upon the act of conveying accurate information with respect to the possible penal consequences of the charges against a defendant. Totten has failed to demonstrate that counsel rendered deficient performance in this regard. Therefore, his claim of ineffective assistance of counsel fails.

■ We note here that, even if counsel's advice constituted deficient performance, Totten has failed to demonstrate that he suffered prejudice thereby. Even were we to accept the argument that the trial court could not have imposed consecutive sentences for the three separate charges, Totten concedes that the maximum possible sentence he could have received for any of the convictions was twenty years. In fact, the trial court imposed a combined executed sentence of less than that, i.e., fifteen years, for the three convictions. Thus, we cannot say that Totten has demonstrated

that he was prejudiced, even if counsel's performance were deemed deficient.

### 2.

■■■■ A defendant is entitled to accurate information with respect to the actual penal consequences of his plea of guilty. *Peace v. State*, 736 N.E.2d 1261 (Ind.Ct. App.2000), *trans. denied.* Absent coercion or deception, we must consider all of the facts and circumstances, including any misadvice, in order to determine whether the defendant voluntarily and intelligently pleaded guilty. *Id.* Although erroneous advice does not warrant reversal as a matter of law, reviewing courts must examine whether the incorrect advice concerning the maximum sentence rendered the defendant's plea bargain illusory. *Id.* A plea induced by an improper threat is illusory, thus involuntary and invalid. *Id.* "We have held that when the sentencing advice of defense counsel is at issue, we consider all relevant facts and circumstances, including the actual sentence risk, the plea agreement, and the post-conviction hearing evidence, in order to determine if the advice was so egregiously erroneous as to take on the character of an illusory threat." *Id.* at 1267. Finally, in order to prevail upon this claim, Totten must demonstrate that he could not have received consecutive sentences if he had been tried separately on the three robbery charges.

In support of his claim, Totten cites *Wilkerson v. State*, 728 N.E.2d 239 (Ind. Ct.App.2000). In *Wilkerson,* the defendant was charged with committing two separate sexual attacks upon two separate women on two different days. A single trial was held for both charges and the defendant was found guilty on both counts. He received forty-year sentences for each conviction, and the trial court ordered that the sentences should be served consecutively to one another. Upon PCR petition,

the defendant claimed that counsel had rendered ineffective assistance in failing to move for separate trials. Among other claims of error, the defendant contended that he was prejudiced by this omission in that guilty verdicts on both counts in a single trial subjected him to consecutive sentences under IC § 35–50–1–2(a). He argued, as Totten does here, that the trial court could not have imposed consecutive sentences for multiple verdicts reached in separate trials. Citing IC § 35–50–1–2(a) and *Kendrick v. State*, 529 N.E.2d 1311, the *Wilkerson* court apparently agreed, stating, "if the charges relating to the attack on T.S. had been tried separately from the charges relating to the attack on A.W., and Wilkerson was convicted in both cases, the trial court could not have ordered the sentences to run consecutively." *Wilkerson v. State*, 728 N.E.2d at 248.

Although the aforementioned statement was a factor in the *Wilkerson* court's decision to grant the PCR petition and order a new sentencing hearing, we are nevertheless inclined to view it as dicta. This is in large part because the aforementioned statement was made without accompanying analysis regarding why IC § 35–50–1–2(a) should be so interpreted. Indeed, to the extent the analysis addressed that particular question, we are of the opinion that it provided better support for the contrary view.

In *Kendrick,* our supreme court announced that subsection (a) contained a contemporaneity requirement. Specifically, the court stated:

> The language employed in Section (a) above by the legislature is restrictive. The general authority is limited to those occasions when a court is meting out two or more terms of imprisonment. *If a court is contemporaneously imposing two or more sentences, it is granted the general statutory authority to order*

*them to be served consecutive to one another. Section (a) does no more than this.*

*Kendrick v. State,* 529 N.E.2d at 1312 (emphasis supplied). Apart from the aforementioned sentence in *Wilkerson,* we can find no authority for the proposition that Totten herein advances. Our supreme court has not extended the *Kendrick* requirement beyond the simple parameters set out in that case. Our review of the language employed in *Kendrick* leaves us with the conviction that there is but a single criterion identified in subsection (a), as interpreted by *Kendrick,* and that criterion addresses only the relative timing of the *imposition* of multiple sentences. We find no reference or allusion in *Kendrick* to a requirement that said multiple sentences must stem from the same trial. Neither has any subsequent case even arguably created a second criterion, with the possible exception of the aforementioned dicta in *Wilkerson.*[1] Accordingly, we decline to embellish by interpretation what in our view was a straightforward pronouncement from our supreme court, i.e., that at the time Totten was sentenced, a trial court was authorized to impose consecutively any sentences that it imposed contemporaneously with one another.

 In summary, Totten's argument that his guilty pleas were not knowing, intentional, and voluntarily is premised entirely upon his claim that, at the time of his guilty pleas and in his particular situation, consecutive sentences were not authorized under IC § 35–50–1–2(a). We reject this argument and instead interpret *Kendrick* and its progeny to permit the Allen Superior Court Criminal Division's practice of contemporaneously imposing multiple sentences for convictions resulting from separate trials that were held near in time to one another. Further, we interpret the same body of law to permit such sentences to be imposed consecutively under IC § 35–50–1–2(a). Accordingly, the post-conviction court did not err in denying Totten's PCR petition.

Judgment affirmed.

BAKER, J., and ROBB, J., concur.

## ORDER

This Court having heretofore handed down its opinion in this appeal on Novem-

---

1. In so holding we reject Totten's argument with respect to the meanings of the decisions in *Seay v. State,* 550 N.E.2d 1284 (Ind.1990), *Buell v. State,* 668 N.E.2d 251 (Ind.1996), and *Peace v. State,* 736 N.E.2d 1261. In *Seay,* the supreme court held that "the State is barred from seeking multiple, pyramiding habitual offender sentence enhancements by bringing successive prosecutions for charges which could have been consolidated for trial." *Seay v. State,* 550 N.E.2d at 1289. This holding lends no support to the proposition that Totten advances. In *Buell,* the court held that the *Kendrick* contemporaneity requirement does not apply where a judge imposed consecutive sentences for closely related offenses that were first charged in the same information and all tried in the same court, and then required a second trial after one of the charges resulted in a hung jury. In *Peace,* the defendant was charged with ten crimes under seven different cause numbers for actions that took place over a seven-day period. He pleaded guilty to three of the charges. The defendant sought post-conviction relief on the ground that he was entitled to separate trials on the separate charges, and therefore to separate sentencing hearings. He contended that the trial court could not have imposed consecutive sentences if he had been sentenced in separate proceedings for the various convictions. Without discussing whether counsel in that case rendered ineffective assistance, we noted that, had the cases been sentenced on different days, the court could not have imposed consecutive sentences. *Id.* We went on to hold that, even assuming for the sake of argument that counsel rendered ineffective assistance in that regard, defendant failed to demonstrate that he was prejudiced thereby. Again, we fail to see how this lends support to Totten's argument.

ber 8, 2001, marked Memorandum Decision, Not for Publication;

Comes now the Appellee, by counsel, and files herein Motion to Publish, alleging therein that the decision should be published because it clarifies an existing rule of law;

The Court having examined said Motion, having reviewed its opinion, and being duly advised, now finds that said Motion to Publish should be granted.

IT IS THEREFORE ORDERED that the Appellee's Motion to publish is granted and this Court's opinion heretofore handed down in this cause on November 8, 2001, marked Memorandum Decision, Not for Publication, is now ordered published.